## Foxworth et al., Executors *v.* Burckhalter.

It is not essential to the validity of a sequestration bond, that it should be executed before the clerk of the court in which the action is pending, or any other public officer.

Where the surety in a sequestration bond removes beyond the jurisdiction of the court, the execution of another bond with a surety residing within its jurisdiction, will be sufficient. C. C. 3012.

Separate actions may be carried on against the same defendant, by the same plaintiff, for the same debt, where in one a judgment is prayed for against him as an absentee and his property is attempted to be reached by attachment, and the object of the other is to annul the sale of the same property, for the purpose of subjecting it to his claim.

Where two actions are pending between the same parties for the same cause, the defendant, in case of their inconsistency, can only require that the plaintiff should elect which of the two he will proceed with. If one of the two be dismissed before any exception to their inconsistency, it is enough.

APPEAL from the District Court of Washington, *Burk*, J. *Halsey*, for the appellants, cited C. P. 276. 1 Rob. 45. *J. R. Jones* and *Childress*, for the defendant. The judgment of the court was pronounced by

King, J. The plaintiffs have appealed from a judgment dissolving a sequestration, on exceptions pleaded by the defendant that the writ improvidently issued, the court being without jurisdiction of the cause, and that the surety on the bond was not such as the law requires. The facts are that, in July, 1845, *Alexander Graham* and *Samuel Foxworth* instituted a suit by attachment against *Daniel Burckhalter*, a non-resident, and caused several slaves in the possession of the present defendant, *Henry T. Burckhalter*, to be seized under the writ which issued in that proceeding. They alleged that they were creditors of the absentee by a judgment rendered against him in the State of Mississippi, in favor of *Stephen M. Foxworth*, of which they were the owners. The attachment was dissolved, on the 19th of November, 1845; on the same day an appeal was taken, and the judgment of the District Court was affirmed by us in April last. 2 Ann. Rep., p. 415. In June, 1846, while the appeal in the attachment suit was pending, *Elizabeth Foxworth* and *Samuel Y. Foxworth*, in their capacity of executors of *Stephen M. Foxworth* deceased, instituted the present action against the defendant, *Henry T. Burckhalter*. Their claim is founded upon the same judgment claimed by *Graham*, and one of the present plaintiffs, in the attachment suit. They allege that, they have caused the judgment to be duly registered, and to be declared executory in this State; that the defendant has in his possession several slaves belonging to the judgment debtor, *Daniel Burckhalter*, which he holds under a sale which they allege to be simulated and fraudulent. They pray that the sale be annulled, and that the slaves be subjected to the judgment obtained by the deceased, whose estate they represent, and for a sequestration of the slaves pending the suit. To this action the defendant pleaded as exceptions : 1st. That the court was without jurisdiction, and could grant no sequestration or further order in the cause, because an appeal had been taken from a judgment previously rendered upon the same matters involved in this controversy, which appeal was still pending when this action was commenced. 2d. That there was no legal surety on the bond, the surety having left the jurisdiction of the court.

FOXWORTH
v.
BURCKHALTER.

The judge considered that the law required in such cases a judicial bond to be furnished, executed before the clerk or other competent authority; and the bond furnished by the plaintiffs, being under private signature, the sequestration was dissolved. '

The judge, in our opinion. erred, in sustaining the exceptions filed by the defendant. We are aware of no law which requires sequestration bonds to be executed before the clerk, or other public officer. The objection presented in the exception that the surety on the bond first furnished had left the jurisdiction of the court, was removed by the plaintiffs' furnishing an additional bond, with a surety residing within the jurisdiction of the court, whose solvency is not questioned. C. C. art. 3012.

Although the plaintiffs in both suits may be considered to be the same, still the plea of the pendency of another action cannot, in our opinion, be maintained. The plaintiffs had two rights of action which were not exclusive of each other, and which they could maintain at the same time. In the one, they sought a judgment against the absent defendant, and to reach his property by an attachment; in the other, they seek to annul a sale of the same property, for the purpose of subjecting it to their claim. But if it be conceded that the two demands were inconsistent, the defendant could at most have claimed that the plaintiffs' should elect which action they would pursue. C. P. art. 152. 7 Mart. N. S. 404. 5 La. 440. Prior to the filing of the exception, the first suit had been finally dismissed, and but one demand was pending. There was, therefore, no longer an existing ground for the plea of the pendency of another suit, and the alternative of a choice of the action to be pursued could not be presented. The plaintiffs are in no, worse position in consequence of the unfavorable termination of their first suit, than if that suit were still pending; and, in the latter event, it is clear that they could elect which of the actions to proceed with, if the two were deemed inconsistent.

It is, therefore, ordered that the judgment of the District Court be reversed, that the exceptions pleaded by the defendant be overruled, and that the cause be remanded to be proceeded with according to law; the appellee paying the costs of this appeal.