(79 South. 554)

No. 21276.

HIBERNIA BANK & TRUST CO. v. LOUISIANA AVE. REALTY CO., Limited, et al.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. FRAUDULENT CONVEYANCES ⟨⟩263(1)—ACTION BY CREDITOR—PLEADING CAUSE IN ALTERNATIVE.

A creditor who believes that his debtor has disposed of his property with fraudulent intent, but is without means of knowing whether the debtor has done so for a real consideration with a purchaser's commissions or has merely executed a paper title as a sham, may attack such transaction in a single action by pleading his cause in the alternative.

2. FRAUDULENT CONVEYANCES ⟨⟩208—CREDITOR'S CAUSE OF ACTION—STATUTE.

Under Civ. Code, arts. 1971, 1987, 1993, a debtor's alleged frauds committed prior to the indebtedness upon which the creditor declares gave the creditor no right of action.

3. FRAUDULENT CONVEYANCES ⟨⟩248—CREDITOR'S ACTION—LIMITATIONS.

Under Civ. Code, arts. 1971, 1987, 1993, a creditor's suit based on his debtor's frauds not begun until more than a year after such alleged frauds is prescribed.

4. FRAUDULENT CONVEYANCES ⟨⟩226—"SIMULATED CONTRACT"—EFFECT.

A "simulated contract" is one which, though clothed in concrete form, has no existence in fact, and it may at any time and at the demand

of any person in interest be declared a sham and may be ignored by creditors of the apparent vendor.

**5. PLEADING ⊜∾21—CREDITOR'S ACTION—ALTERNATIVE RELIEF.**

Where a creditor charges that a debtor entered into fraudulent real or fraudulent sham contracts, it knows not which, and prays that they be declared void, the creditor is not debarred, on the ground of inconsistency from demanding that the contracts, if sham, be decreed void.

**6. PLEADING ⊜∾369(1)—INCONSISTENT ALLEGATIONS—REMEDY.**

Even if a creditor's allegations in an action against an alleged fraudulent debtor are inconsistent, the defendant's recourse is by compelling plaintiff to elect and to dismiss his whole demand only in case of failure to elect.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the Hibernia Bank & Trust Company against the Louisiana Avenue Realty Company, Limited, and others to have certain sales, assignments, and transfers decreed void because made in fraud of creditors, or, in the alternative, as being fraudulent, simulated, and of no effect. Exceptions of no right of action and of prescription maintained, and suit dismissed, and plaintiff appeals. Judgment reversed, and cause remanded for further proceedings.

McCloskey & Benedict and Carroll & Carroll, all of New Orleans, for appellant. Foster, Milling, Saal & Milling and Hall, Monroe & Lemann, all of New Orleans, for appellees.

LECHE, J. Plaintiff alleges, in substance, that it owns a judgment, which it obtained against J. M. Dresser in the sum of $60,000, with 7 per cent. interest thereon from September 17, 1911; that, while it believes the said Dresser to be solvent, he has fraudulently and in bad faith, for the purpose of defeating the just claims of his creditors, and particularly of plaintiff, diverted all of his assets of every nature and kind into various alleged companies, and more particularly the Louisiana Avenue Realty Company, of New Orleans; that the Louisiana Avenue Realty Company is, to the knowledge of all its organizers, stockholders, officers, and directors, a false and fraudulent corporation, and, if not false and fraudulent, simulated and fictitious, composed of no one by the said J. M. Dresser and his immediate family; that it never has had any actual paid-in capital stock, and whilst the great majority of its nominal stock is held by other members of the family of J. M. Dresser, and but little by himself, the said J. M. Dresser directs the policy and controls the action of said corporation absolutely; that the said Louisiana Avenue Realty Company was pretended to have been organized on the 4th of October, 1910, with an alleged capital of $200,000; that of same Mabel A. Dresser, Maud S. Dresser, Julia H. O'Brien, and John M. Dresser each subscribed for one share of the par value of $100, and that one Edward L. Szabary subscribed for 1,996 shares; that the alleged assets of the said Louisiana Avenue Realty Company consists of about 43 acres of land in the city of New Orleans, of large value, which are the property of John M. Dresser; that on March 19, 1909, he made a fictitious sale thereof to himself through the interposition of the J. M. Dresser Company, Limited; that the said J. M. Dresser Company, Limited, on November 30, 1910, made a fictitious sale thereof to Edward L. Szabary for a purported consideration of 2,000 shares of the capital stock of the Louisiana Avenue Realty Company and assumptions, and on the same day said Szabary pretended to resell to the said Louisiana Realty Company the same property for the said 2,000 shares of stock on terms; that said subscriptions, purchases, and sales by said Szabary, J. M. Dresser Company, Limited, the Louisiana Avenue Realty Company were as parties interposing, unreal, fictitious, and a sham, as hereinafter averred. And petitioner avers:

"Mr. Szabary was a legal stenographer in the city of New Orleans who simply lent his

name to said Dresser and his associates, when he and they knew that he, said Szabary, was without the means to so subscribe or sell and never intended to do so. That the said alleged stock of the Louisiana Avenue Realty Company is now, or lately was, owned by Mrs. O. A. Dresser, the wife of said John M. Dresser, to an amount of $119,800, by Miss Mabel A. Dresser, a daughter of John M. Dresser, for $40,000, by Miss Maud S. Dresser, also a daughter of said John M. Dresser, for $40,000, and by said John M. Dresser for $200. That said holdings are fictitious and a sham, and the said real property, the alleged legal title to which is held by the Louisiana Avenue Realty Company, is, notwithstanding all the acts and doings aforesaid, still the property of John M. Dresser. That the said real property is described as follows: * * * That the said Louisiana Avenue Realty Company is therefore nothing but a sham, without legal corporate existence under the laws of this state, and was intended as a mask and cloak to defeat the creditors of the said J. M. Dresser, and particularly your petitioner, all to the knowledge of all the organizers and stockholders of the said Louisiana Avenue Realty Company and persisted in by them for said illegal purpose.

"(8) Now, your petitioner avers that heretofore, to wit, in the proceedings No. 100187 of the docket of this honorable court, division E hereof, it sued the said J. M. Dresser Company, Limited, a copy of which petition is here referred to and made part hereof, and the allegations in which it hereby reiterates; and in connection with said proceeding 100187 your petitioner avers that various contracts alienations assignments have been made by the said J. M. Dresser to the said Avenue Realty Company, or by the said J. M. Dresser Company, Limited, to the said Louisiana Avenue Realty Company, or by Miss Mabel A. Dresser, Miss Maud S. Dresser, Mrs. O. A. Dresser, wife of J. M. Dresser, Julia H. O'Brien, or Edward L. Szabary to the said Louisiana Avenue Realty Company, and all of which alleged assignments, alienations, and contracts by the said parties are false, fraudulent, and void, founded upon no consideration, and resorted to by the said John M. Dresser, Mabel A. Dresser, Maud S. Dresser, Mrs. O. A. Dresser, the Louisiana Avenue Realty Company, and the said J. M. Dresser Company, Limited, all in collusion, to defeat the rights of the creditors of said J. M. Dresser, and particularly this petitioner, his judgment creditor, and in the alternative, if not fraudulent, that the same are simulated, null, and void and of no legal force and effect against your petitioner." "That all the said assets of every nature and kind of the said Louisiana Avenue Realty Company are in law and in fact the property of the said John M. Dresser, and are amenable to seizure and sale, under execution of the judgment so obtained by your petitioner against the said John M. Dresser, and should be so decreed."

Plaintiff then prays for service of citation and for a judgment decreeing the Louisiana Avenue Realty Company a fraudulent corporation, or, if not fraudulent, simulated and void, and solely a mask or cloak resorted to by the said John M. Dresser and the members of his family to enable the said John M. Dresser to defeat the rights of his creditors, and particularly your petitioner; that the acts of sale of the property hereinbefore described, to wit, John M. Dresser to J. M. Dresser Company, Limited, of March 19, 1909, J. M. Dresser Company, Limited, to E. L. Szabary of November 30, 1910, and E. L. Szabary to Louisiana Avenue Realty Company, Limited, of November 30, 1910, be decreed fraudulent and void, or, if not fraudulent, simulated null and void, and that said property be decreed to be the property of J. M. Dresser, and subject to seizure and sale in execution of the judgment of your petitioner; that any and all other transfers of any property, rights, or credits of the said J. M. Dresser to the said Louisiana Avenue Realty Company, Limited, of Miss Mabel A. Dresser, of Miss Maud S. Dresser, and Mrs. O. A. Dresser to the said Louisiana Realty Company, Limited may be annulled and set aside, and said property rights adjudged amenable to a writ of execution under petitioner's judgment.

To this petition defendants pleaded exceptions of misjoinder of parties, misjoinder of causes of action, then in the alternative a motion to strike out as vague, indefinite, and not properly averred, all the allegations and prayers of plaintiff's petition, in relation to other transactions charged to be fraudulent, and, if not fraudulent, simulated, forming part of another suit in the civil district court and attempted to be ingrafted in the present suit merely by reference to said other suit. Defendant then pleaded the exceptions of no right or cause of action, prescription, and also estoppel.

All of the foregoing exceptions were overruled and the plea of estoppel referred to the merits.

Defendants then answered, and before the case had been fully tried the trial juage reversed his former ruling on the exceptions of no cause of action and no right of action and prescription, maintained said exceptions, and the present appeal was taken by plaintiff from a judgment dismissing its suit.

### Opinion.

Plaintiff's petition, down to and including the seventh paragraph thereof, assumes that the judgment debtor, John M. Dresser, is solvent, and charges that the transfers of property made by him first to the Dresser Company, Limited, then by that company to Szabary, and then by Szabary to the Louisiana Avenue Realty Company, are mere shams and fraudulent simulations, but in the eighth paragraph thereof, which is quoted in full, it alleges, in the alternative, that if said transfers, assignments, etc., are not fraudulent, the same are simulated, null, and void and of no legal force and effect. The prayer of the petition, which more properly characterizes the nature of the action, also asks that the said transfers, assignments, etc., be decreed fraudulent and void, or, if not fraudulent, simulated, null, and void. It thus appears that the action, interpreted by the plaintiff itself in the eighth paragraph of its petition, and in the prayer thereof, is dual in character. Its purpose is to have the sales assignments and transfers decreed void, because: First, if real, they were made in fraud of creditors; and, second, in the alternative, if not real, they were mere fraudulent simulations and of no effect.

[1] The jurisprudence of this state is settled that a creditor who believes that his debtor has disposed of his property with fraudulent intent, but who has not the means to find out with definite certainty whether his debtor has done so for a real consideration with the connivance of an ac-commodating purchaser, or has merely executed a paper title as a sham, and without any consideration whatever, may attack such a transaction in a single action by pleading his cause in the alternative.

"In the class of cases now under consideration, the widest latitude should be given them [the creditors] for they are necessarily, to a great degree, uninformed as to the precise relations existing between their debtor and his coadjutors in wrongdoing. Often they are compelled to strike in the dark. If the purchaser's title is an honest one it is better for him that the double test be applied, in one, instead of two suits." Chaffe, Jr., v. Scheen, 34 La. Ann. 687.

[2, 3] Considering, then, the exceptions of no right or cause of action and prescription as far as they apply to the first ground of action declared upon by plaintiff, namely, that the transfers, assignments, etc., made by its debtor, John M. Dresser, were real, and, while made for a consideration, are voidable because made in fraud of its (plaintiff's) rights, we find that the articles of the Civil Code are to the effect that such an action may only be maintained against an insolvent debtor; that the suit must be brought within one year of the commission of the fraud; that the fraud must have injured the creditor; and that the creditor's claim must have been in existence prior to the commission of the fraud. C. C. arts. 1971, 1987, 1993; Gugel v. Carson, 133 La. 92, 62 South. 485. But, according to the allegations in its petition, plaintiff's claim, giving it the benefit of the most favorable presumption, only came into existence on September 17, 1911, and the sales attacked are of date March 19, 1909, and November 30, 1910; and, according to the evidence in the record, its judgment against Dresser was obtained February 23, 1912, and this suit was only filed May 26, 1913. It therefore follows that, taking as true plaintiff's allegations that defendant was not insolvent, and that the alleged frauds were committed long prior to the creation of the indebtedness upon which it declares, and more than a year before the

institution of the present suit, the exceptions of no cause of action and prescription were to that extent properly maintained.

[4-6] If we now consider the exceptions in so far as they affect plaintiff's secondly declared ground of action, namely, that the so-called sales and transfers are mere shams and simulations, it is evident that said exceptions are not sustainable under our law. A simulated contract is one which, though clothed in concrete form, has no existence in fact and is only a myth. It may at any time and at the demand of any party in interest be declared a sham, and it may even be ignored by creditors of the apparent vendor. Defendants do not controvert that proposition, but they say that plaintiff, having first alleged a real contract, which it charges to be voidable for fraud, cannot in the next breath, although in the alternative, charge that said contract is not real; in other words, that it is inconsistent to say that a contract is real, and in the alternative to say that it is not real. No authority or precedent is cited in support of defendants' contention, and plaintiff refers us to the case of Dilzell Engineering Co. v. Lehmann, 120 La. 279, 45 South. 138. In that case it was held that a petition which states the facts and draws therefrom alternate legal conclusions is not open to the objection of inconsistency. Conversely in, the present case facts which in their very nature are unknown to the plaintiff are alleged in the alternative, but the same legal conclusion is drawn from them. As stated in the case of Chaffe, Jr., v. Scheen, hereinbefore quoted, the reason for permitting these alternative pleas lies in the fact that plaintiff is of necessity in the dark as to the truth. Wrongdoers, if they be such, are always careful to conceal the evidence of their real intentions.

Viewing the question as one of practice, neither regulated by law nor settled by judicial precedents, and in the decision of which we should be entirely guided by equitable considerations, we see no good reason to hold that plaintiff's alternative ground of action is inconsistent with that alleged primarily. Even if it were inconsistent, and so admitting for the sake of argument, defendant's recourse would be to compel plaintiff to elect, and to dismiss his whole demand only in case of failure to elect. Foxworth, Ex'r, v. Burckhalter, 3 La. Ann. 365. It is true that it would be more logical to charge the greater or more glaring wrong first, and then in the altenative to charge the better concealed or lesser one, but, on the other hand, if the order is reversed, we can conceive of no injury thereby resulting to defendant. It must be borne in mind that plaintiff is groping in the dark; it has no means of knowing the truth; while, on the other hand, defendants know the real facts, and cannot be misled by plaintiff's allegations. To sum up the situation, plaintiff substantially charges that defendants either entered into fraudulent real contracts or fraudulent sham contracts, it knows not which, and it prays that in either event said contracts be declared void; and we hold that, although it affirmatively appears that plaintiff has no right or cause of action to avoid such contracts, if real, it is not thereby, on the ground of inconsistency, debarred from demanding that said contracts, if only shams and simulations, be recognized as void and of no effect.

For these reasons, the judgment appealed from is avoided and reversed, and it is now ordered that this case be remanded to the civil district court, parish of Orleans, there to be proceeded with according to law and the views herein expressed, costs of appeal to be paid by defendants and appellees, action on other costs to await final determination of the suit.

O'NIELL, J., concurs in the decree.