O’NIELL, Chief Justice.
 

 This is an actio'n to have an act of mortgage declared null, as a mere simulation, or, in the alternative, to have the mortgage annulled on the ground that it gave an unfair preference to the mortgagee over other creditors of the mortgagor.
 

 The mortgage was given by A. Garriga to Edwin S. Toadvin on the 7th day of December, 1931, to secure the payment of a promissory note for $4,000 given by Garriga to Toadvin on that day and made payable on the 1st day of November, 1932. The property mortgaged was a farm, having an area of 302 acres, and a Ford truck, a Ford sedan, 6 mules, 25 head of cattle, and about 250 bushels of corn. Nearly a year after the maturity of the mortgage note, Toadvin brought foreclosure proceedings against Garriga, by executory process. In his petition Toadvin gave Garriga credit for $500, said to have been paid on the mortgage note on the date of filing of the foreclosure proceedings. On that day Garriga gave Toadvin a deed for the Ford truck, the Ford sedan, the 6 mules, and the 25 head of cattle, described in the act of mortgage. The price stated in the deed was $500, the receipt of which was acknowledged by Toadvin in the deed. The fact, however, is that the price, $500, was credited on the mortgage note.
 

 E. Henry Lowe obtained a judgment against Garriga for $808.88, on an open account, on the 11th day of March, 1932; and, when Toadvin instituted the foreclosure proceedings on his mortgage against Garriga, Lowe brought this suit against Garriga and Toadvin, to have the mortgage declared a simulation, or, in the alternative, to have the mortgage annulled on the ground that it gave an undue preference to Toadvin as a creditor of Garriga, and was therefore fraudulent. Lowe obtained a temporary restraining order and a rule to show cause why an injunction should not be granted to stop the foreclosure proceedings. Toadvin, answering Lowe’s suit,
 
 *439
 
 averred' that Garriga owed him, Toadvin, the $4,000 at the time when the mortgage was given; and Toadvin pleaded the prescription of one year in bar of the action to annul the mortgage on the ground of fraud, or the giving of an unfair preference to one creditor over another creditor of Garriga. When the case came up on the rule to show cause why an injunction should not be granted, it was agreed by all parties that the case should be heard on its merits; and it was so heard. The judge of the district court found that the act of mortgage was not a mere simulation, and he sustained the plea of prescription against the action to annul the mortgage on the ground of fraud, or the giving of an undue preference to one creditor over another creditor of Garriga. The Court of Appeal affirmed the judgment. 162 So. 441.
 

 In so far as Garriga was indebted to Toadvin at the time when the mortgage was given, the mortgage is not a simulation, even though the indebtedness may have been less than the amount for which the mortgage was said to be given. To the extent to which the indebtedness did exist the mortgage was not null, but was subject to annullment at the instance of Lowe, on the ground of fraud, or the giving of an undue preference to Toadvin over Lowe, as a creditor of Garriga. The law gives to every creditor a right of action to annul a transaction had by the debtor with a third party in fraud of the creditor’s rights. Rev.Civ.Code, art. 1970. But, if the fraudulent transaction on the part of the debtor was had with one of his creditors, and for the purpose of securing the payment of a just debt, and if, therefore, the only cause of nullity of the transaction is that it gave an unfair preference to one creditor over another, the action to annul the transaction is barred by prescription unless brought within a year after the transaction was had. Rev.Civ.Code, art. 1987. And if the action is to be brought by a creditor having a judgment against the common debtor, it must be brought within a year from the date on which the judgment is obtained. Rev.Civ.Code, art. 1994. As Lowe’s judgment against Garriga, as well as the mortgage complained of, was more than a year old when Lowe brought this suit, the action to annul the mortgage, in so far as Garriga was indebted to Toadvin when the mortgage was given, is barred by the prescription of one year. The only question, therefore, is whether there was in fact an indebtedness for which the mortgage was given by Garriga to Toadvin, and, if so, what was the extent of the indebtedness.
 

 On the trial of the case, several witnesses for Lowe testified that Toadvin had admitted, at times not long before he obtained the mortgage, that Garriga did not owe him anything. Toadvin denied making any such admission, and introduced in, evidence an account against Garriga, or the pages taken from an account book, covering a period of seven years immediately preceding the date of the mortgage, and showing-charges amounting to more than $3,800 against Lowe. Toadvin and his bookkeeper and Garriga testified that the account was correct, and that the mortgage note was made for $4,000 to include interest on
 
 *441
 
 the indebtedness. The Court of Appeal expressed the opinion that the account was suspiciously clean and uniform in appearance and seemed to have been made all with the same pencil and all at the same time; from which we infer that the court suspected that the account was made up after this suit was filed, and from canceled checks which Toadvin had in his possession, and which he produced on the trial ■of the case. Nine of these checks, amounting to $536.88, were made payable to the order of Garriga and were indorsed .and cashed by him. The Court of Appeal, thérefore, found that the evidence "was sufficient to prove that Garriga owed Toadvin at least $536.88 at the time when the mortgage was given. Having found thus that the mortgage was given for some consideration, and was 'not entirely a simulation, the court deemed it unnecessary to determine or consider whether the evidence was sufficient to prove any further indebtedness beyond the $536.88 which Garriga owed Toadvin at the time when the mortgage was given. The Court of Appeal doubted that the canceled checks which were not payable to Garriga or indorsed by him were sufficient proof that Garriga owed Toadvin the amount of these checks, Thirty-seven of them, amounting to $1,-.246.95, were made payable to “cash” and were not indorsed by any one. Four of the ■ checks, amounting to $2,117.10, were made payable to a cotton oil mill, for fertilizer bought by Toadvin, a part of which, amounting to $1,585.86, was charged to Garriga. One of the checks, for $365, was the price of three mules bought by 'Toadvin, one of which is said to have been sold by Toadvin to Garriga, for which Garriga was charged $125. There were three items, amounting to $227, on the account, for corn which was said to have been sold by Toadvin to Garriga.
 

 When the Court of Appeal found that the evidence was sufficient to prove that the debt for which the mortgage was given by Garriga to Toadvin amounted to at least $536.88, but left a doubt as to whether the debt exceeded that sum, the court should have determined from the evidence the full extent of the debt, and should have declared the mortgage valid only to that extent. The finding merely that the debt amounted to at least $536.88 did not justify the decree that the mortgage was valid to the full extent of $4,000, less the credit of $500.
 

 The Court of Appeal applied to this case the rule which is applicable to a sale, or transfer of title; that is, that, if any lawful price is paid or consideration given for the property, the transaction is not a simulation, even though the price paid or consideration given is less than that which is stated in the deed. The Court of Appeal cited in support of that rule Hibernia Bank & Trust Co. v. Louisiana Avenue Realty Co., 143 La. 962, 79 So. 554, and Chapman v. Irwin, 157 La. 920, 103 So. 263. The rule is well recognized, but it is applicable only to an act of sale or other transfer of title. If a sale or other transfer of property is made for a valid consideration, the title passes entirely to the transferee, and the property is no longer liable for the debts of the transferor, even though the price or consideration for the transfer is
 
 *443
 
 not what is stated in the deed. But a mortgage is only “accessory to principal obligation.” Rev. Civ. Code, art. 3284. Consequently, it is essential to. the existence of a mortgage that there shall be a debt to serve as the foundation for the mortgage. Rev.Civ.Code, art. 3285. Hence a mortgage is valid only to the extent to which the debt which it purports to secure actually exists.
 

 Decree.
 

 The judgment of the Court of Appeal, affirming the judgment of the district court, is set aside; and this case is ordered remanded to the Court of Appeal for that court to determine the amount of the debt which Garriga owed to Toadvin at the time when the mortgage for $4,000 was given, and to declare the mortgage valid only to the extent of such debt, less the credit of $500, of date the 12th day of June, 1933. The costs of this proceeding are to be paid by the defendants, Garriga and Toadvin. The liability for the other court costs is to depend upon the final disposition of the case.