ROIG COMMERCIAL BANK, Plaintiff and Appellant, *v.* MANUEL PORTELA CABEZUDO ET AL., Defendants and Appellees.

No. 7326. Argued November 30, 1937.—Decided February 7, 1938.

*González Fagundo & González Jr.,* for appellant. *C. Iriarte, F. Fernández Cuyar, Héctor González Blanes* and *Luis Llorens Torres* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the District Court of Humacao, Manuel Portela Cabezudo, Gustavo Quiñones and Ramón Quiñones, to a complaint to set aside a fraudulent conveyance filed against them by the Roig Commercial Bank, successfully interposed a demurrer both for insufficiency of facts to state a cause of action and for prescription. At the instance of the plaintiff the court rendered judgment dismissing the complaint.

 As antecedents, the plaintiff bank alleged in the complaint that notes, which for $400 and $2,000 had been executed by the defendant Portela and another sometime in 1929, had become due on the 9th of January, 1930, and were not paid at maturity; that the bank began an action to recover these amounts but did not prosecute it inasmuch as in satisfaction thereof the bank accepted another note from the same parties for $2,400.09 at 90 days from September 15, 1931, which note similarly was not paid at maturity; that then the bank sued Portela and on the 3rd of April, 1933, obtained judgment for the said amount with interest at 12 per cent from December 14, 1931.

The complaint goes on to recite that under the aforesaid judgment, the bank attempted to attach certain properties supposedly belonging to Portela, but that record of these attachments was denied because the said properties had in July and May of 1930 been respectively conveyed to Ramón Quiñones and Gustavo Quiñones. The last three paragraphs of the complaint set forth that these transfers were simulated inasmuch as the defendant remained in possession and the transferees were insolvent at the time of the transactions; that they were made with the purpose of defrauding the creditor, and that the defendant has no other property upon which to execute the judgment. In conclusion the Roig Commercial Bank prays that the conveyances be set aside as simulated and therefore null and void.

In sustaining the demurrer on both of its grounds, the district court, on October 23, 1935, among other things, said as follows:

"The plaintiff bank itself, in the fourth paragraph of the complaint, says that the obligations that matured in 1930 were paid, arising in consequence, on September of 1931, a new obligation, to mature in 90 days. Under these conditions, as the complainant bank necessarily did not have in mind, on accepting the new obligation in 1931, the ownership, by the defendant Portela, of both or either of the two pieces of property described in the complaint, which

according to its own averments had been sold prior to said date, it follows that when the same were alienated no fraud against the complaint was committed thereby for at the dates of said transfers, the obligation which was the subject of the action brought to this Court on July 2, 1932, had not yet arisen. . . ."

Briefly, what the court is saying here is that the transfers were made before the new obligation of Portela had arisen and hence there could be no fraud. The court goes on to say that the complaint fails to set up that the complainant had no other mode of recovering his debt, a necesary averment, says the court, "in order that an action might arise to judge by the text of Section 1243 of the Civil Code (1930 ed.) as well as by Section 1246 of the same code and the decisions of the Supreme Court of Puerto Rico in the cases of *Martínez* v. *Succrs. of Cosío y Primo*, 38 P.R.R. 216; *Congress Cigar Co., Inc.* v. *Grau*, 44 P.R.R. 626 and *González* v. *López Quiñones*, 46 P.R.R. 814."

Sections 1243 and 1246 of the Civil Code provide:

"Section 1243. The following may be rescinded:

". . . . . . . . .

"3. Those executed in fraud of creditors, when the latter can not recover, in any other manner, what is due them.

"Section 1246. The action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury."

The original obligation of Portela to the bank arose in 1929. We agree with the appellant that when the complaint recited that the obligation had been paid, it merely meant that the later note had been accepted in substitution of the earlier ones. From 1929 on a real debt existed that was never satisfied. The notes first given were the evidence of the obligation and the later one could not be considered a payment but merely a continuance. Likewise, when the second note was not paid, the plaintiff was at liberty again to sue on the original debt or obligation, or on the note given in substitution.

630

■ We likewise have the idea that these conveyances, made so closely before the alleged new obligation, were in fraud of creditors even with regard to the new note, as the said Portela at the time of such conveyances owed money to the bank. The subject of the note could relate back to that date.

■■ We agree, of course, that if conveyances are made *bona fide* when a person is absolutely solvent, his subsequent insolvency ordinarily could not make the previous conveyances subject to an attack for fraud. A suit to set aside a conveyance as fraudulent clearly or ordinarily does not fall within Sections 1243 and 1246, supra. Nor do we find that the cited cases have any force in resolving the suit before us. As we read the opinion of the court, it did not rely on one of the grounds now urged by the appellees, namely, that there was no averment in the complaint that Portela was insolvent at the time of the transfer. Under the circumstances, and should we decide that the action has not prescribed, we feel that the plaintiff ought to be given an opportunity to amend his complaint, if he can, so as to cover that allegation.

■■ As has been said, the lower court also sustained the defendant's demurrer on the ground of prescription. The court relies exclusively on Section 1251 of the Civil Code (1930 ed.) which reads:

"The action asking rescission must be brought within four years.

"For persons subject to guardianship and for absentees, the four years shall not commence until the incapacity of the former has ceased to exist, or the domicile of the latter is known."

We have considered the complaint and although it is nominally entitled as one in "rescission" of a contract, we have come to the conclusion that it should be regarded as one seeking primarily to set aside or undo a transaction entered into fictitiously by the plaintiff's debtor and others with the fraudulent intent to prevent the plaintiff from

recovering. The lower court was not without some justification in applying what it considered to be the only statute under which the action could be brought, but we feel that its decision on this particular point should be reversed. Courts primarily exist in order to provide a remedy for a legal wrong. It is especially true in cases of fraud, where sympathy should be with the defrauded, so that his rightful remedy should not be withheld on some truly technical ground, such as the improper title to his action, where it appears that the complaint sets up sufficient facts from which to establish a definite cause of action in his favor.

In this case, the plaintiff alleged that the sales by the debtor to Gustavo and Ramón Quiñones were simulated and fictitious and that they were insolvent at the time. It was likewise alleged that defendant remained in possession of the premises. The prayer for relief reads as follows:

"Wherefore it is prayed that the Court render judgment declaring the sale of the urban property to Ramón Quiñones Rieder and of the rural property to Gustavo Quiñones Rieder to be null and void because they were simulated, mulcting the defendant with costs."

In our opinion, therefore, the complaint contained enough allegations of fact from which to determine that the plaintiff was seeking to set aside, or have declared nonexistent, a simulated transaction. The situation does not clearly fall either under Section 1243 *et seq.* on rescission, or under Section 1253 of the Civil Code with regard to the action for nullity.

We have found support for our conception of the case both from commentators on the Civil Code of Spain and from jurisprudence written in the light of the Civil law in Louisiana.

Martínez Ruiz in his commentaries on the Spanish Civil Code as interpreted by the Supreme Court of Spain (1907 ed.) stresses the point that where, to defraud creditors a sale is simulated, the proper remedy is not an action of

rescission but one for nullity, inasmuch as there is no valid contract ever entered into by the parties. (See volume 8, *opus cit.* at page 604.)

In discussing the action for nullity the commentator arrived at the conclusion that where the contract is in fact inexistent, the prescriptive period never runs, excluding that necessary for the acquisition of property rights. (See vol. 8 *supra,* page 670, 671.)

Similarly, Manresa, in volume 8 of his commentaries to the Civil Code (4th ed. 1929) at page 697, discusses the distinction between contracts that are null (*nulos*) and those which are inexistent (*inexistentes*). He includes ''simulated'' contracts under those to be considered inexistent and for whose annulment or judicial declaration of inexistence, no statutory period runs.

In the case of *Hibernia Bank and Trust Co.* v. *Louisiana Avenue Realty Co.,* 143 La. 962, 79 So. 554, 556, the Supreme Court of Louisiana said:

''If we now consider the exceptions in so far as they affect plaintiff's secondly declared ground of action, namely, that the so-called sales and transfers are mere shams and simulations, it is evident that said exceptions are not sustainable under our law. A simulated contract is one which, though clothed in concrete form, has no existence in fact and is only a myth. It may at any time and at the demand of any party in interest be declared a sham, and it may even be ignored by creditors of the apparent vendor.''

In the Louisiana case from which we have quoted, there had been a demurrer on the ground of prescription under a statute. As may be inferred the court overruled it because it decided that a simulated contract could be declared a sham at any time and at the demand of any party in interest.

Under all the preceding discussion and viewing the question as one of practice neither clearly regulated by law nor settled by judicial precedents, and in the decision of which we should be entirely guided by equitable considerations, we

see no reason for supporting the holding of the lower court on the question of prescription.

The judgment of the lower court dismissing the complaint should be set aside and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.