ON APPLICATION FOR REHEARING
Rehearing denied.
MILLER, Judge.
I would grant the application for rehearing.
The trial court’s judgment ignores the established fact that the balance due on the notes at the time Ivy acquired them was far less than the amount awarded Ivy as holder of the first mortgage. Ivy purchased the notes after default and after these notes had been the subject of two foreclosure proceedings.
*142 Intervenor has a pecuniary interest in the proceeds of these foreclosure sales. Does the record establish fraud ? Although intervenor did not use the word fraud in the intervention, intervenor established that the total indebtedness was far less than the $14,000 plus interest and attorney’s fees awarded to the first mortgage holder in preference to intervenor’s claim; that Ivy’s suit for interest from the date of confection of the notes together with attorney’s fees ignores the fact that interest and attorney’s fees had already been added in foreclosure proceedings filed first by the Bank and second by Mr. Johnson — all before Ivy acquired the notes; and that the trial court’s default judgments in favor of Ivy against Day effectively inflated Day’s debt to Ivy to its original status to intervenor’s prejudice. I find sufficient evidence of fraud to justify a reduction of the amount awarded to th’e first lien-holder in preference to intervenor’s claim.
Intervenor does not admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor. LSA-C.C.P. Art. 1092. See also Lowe v. Garriga, 184 La. 436, 166 So. 131 (1936).