KLIEBERT, Judge.
This is a devolutive appeal brought by Herbert E. Mills on the trial judge’s upholding of an exception of prescription grounded in Louisiana Civil Code Article 1987. The exception was filed in response to Mill’s suit to revoke an assignment by International Management Consultants, Inc. (IMC) to Orleans Hotel Properties Corporation (OHP) of its interest in a ground lease and leasehold improvements located thereon. Mills was a judgment creditor of IMC and IMC and OHP were related corporations with a common president. We hold Article 1987 has no application here and, hence, reverse the trial judge’s ruling.
In 1976, Mills performed work for IMC on leasehold improvements on property leased by IMC from Lodian Enterprises, Inc. IMC failed to pay for the work and Mills filed suit on his claim. Judgment was rendered in his favor on November 7, 1979. Then in February of 1980, Mills, alleging his position as a judgment creditor of IMC, filed this suit to revoke the assignment of the lease and the leasehold improvements by IMC to OHP. The assignment was dated November 5,1979 and recited the consideration for thé assignment was debts owed by IMC to OHP. Mill’s petition alleged that the assignment was without consideration, and an effort by IMC to transfer to OHP, its “alter ego”, its assets without its debts, in order to fraudulently place the assets out of reach of its creditors. In response, IMC filed an exception of prescription and of non-joinder of an indispensable party (the third party to whom the lease had been assigned by OHP).
In the trial court, IMC contended the action was one in revocation and, since brought more than one year after its confection, prescribed. La.C.C. Article 1987, which provides as follows, was cited in support of the contention:
“No contract made between the debtor and one of his creditors for the purpose of securing a just debt, shall be set aside under this section, although the debtor were insolvent to the knowledge of the creditor with whom he contracted, and although the other creditors are injured thereby, if such contract were made more than one year before bringing the suit to avoid it, and if it contain no other cause of nullity than the preference given to one creditor over another.”
Counsel for Mills contended the suit was an action in simulation and, as such, impre-scriptible.
A hearing on the exceptions was held on October 9, 1981. During the course of argument on the exception, counsel for OHP offered to and was permitted by the court to introduce the testimony of Mr. Harlan, who was the president of OHC and IMC and a stockholder of each corporation. He was also the person who ultimately held title to the leases and improvements and the party who signed the assignment on behalf of both corporations.
The substance of his testimony was that he made loans to IMC for which he received notes which were then assigned to OHP. In payment of the notes IMC assigned its lease and leasehold interest to OHP. On the basis of this testimony, the trial judge concluded the debts recited in the assignment as the consideration was a “just debt” and hence upheld the exception of prescription.
On appeal, counsel for Mills urges only one assignment of error, namely, the trial judge erred in reaching the merits of the case on an exception of prescription. In essence, he contends the petition alleges the transfer was fraudulent in that it was made without a valid consideration and for the purpose of placing IMC’s assets out of reach of its creditors, and hence was an action in simulation.
Thus, the issue presented is whether the allegations of the petition stamps the suit as a revocatory action or an action in simulation. If construed as an action in simulation, the transfer is void ab initio and, hence, imprescriptible. On the other hand, if construed as an action to revoke the transfer because it favors one creditor over *827 another, then the one year prescription of Article 1987 is applicable.
In Hibernia Bank and Trust Company v. La. Ave. Realty Co., 143 La. 969, 79 So. 554, 1918, the Supreme Court at page 556 defined a simulated contract as:
“A simulated contract is one which, though clothed in concrete form, has no existence in fact, and is only a myth. It may at any time and at the demand of any party in interest be declared a sham, and it may even be ignored by creditors of the apparent vendor.”
Then in Chapman v. Irwin, 157 La. 920,103 So. 263 (1925), at page 265, it made the following observation in distinguishing an action in simulation from a revocatory action:
“The revocatory action proper presupposes that some consideration was paid for the property, whereas an action in simulation is founded on the supposition that the attacked transaction was without consideration, a mere sham, having the form or color of reality, but without substance — a fraudulent sham.”
Although it is true, as urged by counsel for IMC, evidence is admissible on an exception of prescription to determine whether there was a “just debt” for the purpose of applying the prescriptive period of C.C. Article 1987, the application of the principle pre-supposes the action is one in revocation. Where the action is one in simulation, C.C. Article 1987 has no application. Lawson v. McBride, 121 La. 282, 46 So. 312 (1908). Gladney v. Manning, 48 La.Ann. 316, 19 So. 276 (1896).
Although the word simulation was not used, the petition filed here made all of the necessary allegations to constitute an action in simulation. It alleges the transfers were without consideration and were fraudulent transfers made by IMC to place its assets out of reach of its creditors. Therefore, we conclude the suit was an action in simulation rather than one of revocation. Hence, C.C. Article 1987 has no application to the action.
The trial judge did not pass on the exception of non-joinder of indispensable party, hence, there is no appeal of a ruling on that exception before us. Accordingly, the judgment of the trial judge upholding the exception of prescription is set aside and the exception of prescription is dismissed and the case is remanded to the trial court to be proceeded with in accordance with law. The costs of the appeal to be borne by IMC.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.