No. 9560.

### WILLIAM MACKESY VS. THEODORE SHULTZ ET AL.

In a direct action to revoke a sale, containing the requisite averments and prayer for the revocatory action, and where the sale is alleged to be "simulated and fraudulent," the judge is authorized to grant the relief if the evidence establishes either simulation or fraud, or both.  Affirming Johnson vs. Mayer, 30 Ann. 1203.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

---

*R. DeGray* and *W. B. Lancaster* for Plaintiff and Appellee.
*Chas. S. Rice* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J.  This action is brought by plaintiff, a judgment creditor of defendant Shultz, to annul and revoke a sale made by said Shultz to his co-defendant, Annie Kraemer, and to subject the property in the act of sale described to the satisfaction of his judgment.

The substantial allegations are that the sale was "*simulated and fraudulent;*" that it was made with the purpose and intent of defrauding the creditors of Shultz, participated in by both parties with full knowledge of the total insolvency of Shultz; and the prayer is for judgment "annulling and revoking said *pretended and fraudulent* sale, and subjecting the property to petitioner's said judgment and for general relief."

Under the general issue voluminous testimony was received without objection, the result of which, according to the opinion of the judge *a quo*, was to establish that the sale, even if not simulated, was clearly in fraud of creditors and subject to revocation on that ground, and he gave judgment accordingly.

Appellant contends that the judgment should be reversed for error of law, on the ground that the petition presents exclusively an action "*en déclaration de simulation*," and that, under such issue, a judgment revoking the contract could not be rendered if, however, fraudulent, the contract was found to be real and not simulated.

We cannot sustain this position.  We find in the petition every allegation essential to sustain the revocatory action proper and a prayer

Mackesy vs. Shultz et al.

exactly appropriate to the relief authorized in such an action. If every word charging simulation were stricken from the petition, it would still retain all the elements of a revocatory action.

With that vigorous common sense characteristic of him, Judge Spencer, as the organ of the court, in a case quite similar to this, brushed away the technical quibbling upon which defenses of this kind rest, in the following pertinent language:

"When sales are attacked by a *direct action,* there is no reason why the party may not demand relief from them by alleging simulation or fraud, *or both.* We are not disposed to hamper the remedies of creditors, who resort to direct actions by doubtful technicalities. In the class of cases now under consideration, the widest latitude should be given them, for they are necessarily to a great degree uninformed as to the precise relation existing between their debtor and his co-adjutors in wrong-doing—often they are compelled to strike in the dark. If the purchaser's title is an honest one, it is better for him that the double test be applied in one instead of two suits. The prayer of plaintiff's petition is broad enough to cover our decree, whether we hold the sale to be simulated or fraudulent." Johnson vs. Mayer, 30 Ann. 1203.

If the object of the law be, not to screen, but to uncover, fraud, these utterances are in full consonance with its spirit, and as they commend themselves to our sense of justice as well as to our reason, we adopt and reiterate them.

The case of McAdam vs. Soria, 31 Ann. 864, differs vitally from the foregoing in two particulars, viz: 1st. It was not a direct action, but a seizure under *fi. fa.;* 2d. The pleadings did not contain the averments requisite to the revocatory action.

As the opinion did not profess to overrule or even refer to the case of Johnson vs. Mayer, so recently decided by the same court, we cannot give such effect to the *dicta* contained therein which are in apparent conflict, but must consider their application as restrained to the case in hand.

Under the doctrine of Johnson vs. Mayer, we consider the judge was fully authorized to grant the relief on the ground of either "simulation or fraud, or both."

On the merits of the case, we rise from an attentive reading of the evidence with convictions entirely in harmony with those expressed by the judge *a quo,* and as we can add nothing to his masterly analysis, and no purpose would be accomplished by its reproduction, we shall content ourselves with affirming the judgment.

Judgment affirmed.