## No. 1162.

### SIMON BLACK vs. REMI BORDELON, TUTOR, ET AL.

Where a judgment creditor resorts to a revocatory action to annul a sale made by his debtor, on the ground of fraud, such debtor and vendor in the contract assailed is a necessary party to the suit.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Blackman, J.

*Cullom & Coco* for Plaintiff and Appellant:

1. In a revocatory action it is not necessary to make the original debtor party to the suit, where the debt has been previously liquidated by judgment. He then becomes a party without interest. C. C. 1972 and 1976; 1 L. 503; 15 L. 470; 1 R. 256; 10 R. 399; 28 Ann. 928.

2. Not only contracts but all *acts* done by the debtor in fraud of his creditors may be avoided by the revocatory action. C. C. 1989; Cross on Pleadings, p. 252, and the many authorities he cites.

3. The heir's seizin is a legal fiction which becomes a reality only when he accepts unconditionally. In the case of minor heirs, the law accepts for them the succession with the benefit of an inventory. They nor their tutors for them can accept unconditionally. 4 L. 202.

4. They cannot sue for the price of any specific property of the community, where a previous liquidation thereof does not show gains to be divided. 1 R. 378; 2 Ann. 30.

5. The immediate rights of an heir remain in abeyance until he decides whether he accepts or rejects the succession. Beneficiary heir has but a residuary interest which can only be determined when the succession has been duly administered. C. C. 947, 1033, 1073; 17 Ann. 38.

6. Heirs who accept with the benefit of an inventory have no right to be put in possession of the property until the administration thereof is closed. 27 Ann. 351.

7. With major heirs the doctrine is different. 33 Ann. 584.

8. Minors being beneficiary heirs by operation of law, cannot sue for a partition before the closing of the administration. There can be no presumption that no debts exist. 19 Ann. 293. It is necessary that they first provoke a settlement of their mother's estate. 25 Ann. 215.

9. A sale of the succession property for the purpose of effecting a partition among the heirs is not an act of administration, although it be made by an order of court through the administrator, and the sureties of the administrator cannot be held liable therefor. 22 Ann. 308.

10. Any other but a judicial partition of minor's property is a contravention of a prohibitory law, is contrary to public policy and is a nullity *ab initio*.

11. The release of a debt without payment, to defraud a creditor, can be avoided by the revocatory action. C. C. 1989.

*Joffrion & Bordelon* and *Thorpe & Peterman* for Defendants and Appellees :

1. In a revocatory action based upon allegations of fraud, the burden of proof is upon the plaintiff.

2. In such an action the debtor is a necessary party and must be cited. 6 R. 21 ; 31 Ann. 259.

3. Judicial proceedings can be annulled for irregularities or error only by appeal. They can be attacked by independent action only for fraud, deception or ill practices upon the court in the proceedings themselves. C. P., Art. 564, 607.

4. Partition of community, though subject to payment of community debts, may be made between surviving spouse and heirs of deceased, whether or not the community have been previously settled. 23 Ann. 637 ; 31 Ann. 572 ; 32 Ann. 848, 968 ; 33 Ann. 584.

The opinion of the Court was delivered by

TODD, J. The plaintiff, a judgment creditor of Remi Bordelon, brings a revocatory action—the present suit—to cause to be annulled a certain order of court and the sale made under it, by which, it is charged that the said Bordelon fraudulently procured the title to all his property to be placed in the names of the defendants, his minor children.

These children were alone made parties to the suit through their tutor.

There was an exception filed to the effect that all the parties in interest were not made parties to the suit; that the suit was being prosecuted against the defendants, and that Bordelon, the judgment debtor charged with the fraud of procuring the transfer of his property to his minor children to secure it from the pursuit of his creditors, was not joined in the suit. This exception was overruled by the court *a qua*. On the merits there was a verdict and judgment in favor of the defendants, and the plaintiff has appealed.

The counsel for defendants in his oral and written argument calls our attention to the ruling of the judge *a quo* on the exception, and insists that it was erroneous and asks that the same be corrected.

The appeal brings the entire proceedings in the case before us for review. It is the province of this Court to revise all errors relating to the action and rulings of the lower court to be found in the proceedings. Levy vs. Roos, 32 Ann. 1033.

Under this view we shall, therefore, first address ourselves to the consideration of the exception mentioned and the ruling of the court thereon.

That all parties in interest should be joined in a suit and made parties thereto where that interest was directly involved, would seem axiomatic. Especially would we be impressed with the truth of this proposition in a case where it was charged that a contract, to which there were two or more parties, was null because they were guilty of fraud in making it. It would seem highly unjust, if not impossible, to investigate and determine the fraud charged, and even annul the contract—the subject of it, when only one of the alleged wrong-doers was before the court, and the other not heard at all, and no opportunity given him to be heard. So far from this seeming requirement being observed in the case before us, we find that those who are not charged as participants in the fraud complained of, and in no light to be viewed other than the mere innocent beneficiaries of the same, are alone sued, whilst the one who is accused of planning and consummating the fraud, and who inaugurated and conducted the proceedings by which its purpose was accomplished, is left entirely out of the case, neither sued nor cited.

This, then, might seem on general principles a strange case, except that it is plausibly, and with some color of authority, claimed that the omission referred to and the course of proceeding adopted is specially authorized by provisions of the Civil Code and a corresponding construction by several decisions of this Court.

These provisions are those contained in Articles 1972 and 1975 of the Code.

The first (1972) reads as follows : "It (the revocatory action) cannot be exercised by individual creditors until their debts are liquidated by a judgment, unless the defendant in such action be made a party to the suit for liquidating the debt brought against the original debtor in the manner hereinafter directed."

Article 1975 : "The plaintiff in the action given in this section may join the suit for annulling the contract to that which he brings against the original debtor for liquidating his debt by a judgment; and in such suit either of the defendants may controvert the demand of the plaintiff."

It is clear to our minds that the true intent and meaning of these articles is this:

That a creditor only can exercise the revocatory action, and his debt must be conclusively established, that is, by a judgment; but to favor such creditor and perhaps save needless delay, he is permitted to couple the action for the annulment of the obnoxious contract with an action to liquidate his debt by the required judgment, so that the

Black vs. Bordelon et al.

two causes may be proved *pari passu*, so that a judgment against the debtor and a judgment annulling the contract assailed may be pronounced at the same time.

The new disposition or character of this action, as given by the Code, necessarily implies that both parties to the contract must be joined in the suit for its nullity.

Article 1978, C. C., declares: "No contract shall be avoided by this action but such as are made in fraud of creditors, and such as, if carried into execution, would have the effect of defrauding them. If made in good faith it cannot be annulled, although it prove injurious to the creditors; and although made in bad faith, it cannot be rescinded unless it operate to their injury."

How can it be determined whether, for instance in a contract of sale, it was made in fraud of creditors or in good faith, and whether in good or bad faith, that it was not injurious to creditors, when the vendor was not before the court? Could such vendor with any color of justice be condemned in these important respects without a hearing? It seems that such a course would not only be violative of a fundamental right, but would necessarily work oftentimes the grossest injustice.

The theory of making only the purchaser of the sale attacked a party, can rest alone on the principle that the judgment against the vendor in such contract, for the debt, is his complete and absolute condemnation on every question of fraud and wrong involved in this kind of an action.

We have carefully reviewed all the decisions to which we have been referred by plaintiff's counsel as sustaining their contention, and, in fact, have examined our entire jurisprudence on the subject, and find none that give any strong support to their position on this point. They are unsatisfactory. The direct issue embraced in the exception under discussion, we are convinced, has either not been squarely presented or, if so, not been fairly met.

Our views on this point are supported by the decision of our immediate predecessors in the case of Miltenberger vs. Weems' heirs, 31 Ann. 259, and to some extent by the authorities therein cited. * * *

This case in the lower court should not have proceeded farther than the trial of the exception, which should have been sustained and the suit dismissed.

It is therefore ordered, adjudged and decreed that the judgment of

the lower court be annulled, avoided and·reversed, and proceeding to render such judgment as should have been rendered, it is now ordered, adjudged and decreed that the exception filed in the court below relating to the non-joinder of the necessary parties to the suit and considered in the opinion, be and the same is hereby sustained, and the suit dismissed at the plaintiff's costs in both courts.