The judgment appealed from is therefore affirmed.

(81 South. 221)

No. 22869.

KEMP v. KEMP et al.

(May 27, 1918. On Rehearing, March 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. DIVORCE ⬅132—SEPARATION FROM BED AND BOARD—CRUELTY—DECREE.

Where plaintiff, the defendant's second wife, lived at the family homestead with defendant and his children, and defendant in differences sided with his children against her, humiliated her, and assaulted her, his conduct rendered their living together insupportable, and entitled plaintiff to a separation.

2. DIVORCE ⬅286—SEPARATION FROM BED AND BOARD—CLAIM AGAINST COMMUNITY— APPEAL.

Where plaintiff, suing for separation, sought to be recognized as a creditor of the community, but did not appeal from a judgment refusing such demand, or answer defendant's appeal from a decree of separation, alimony, etc., her claim against the community would be disregarded on such appeal by defendant.

3. FRAUDULENT CONVEYANCES ⬅96(1) — CONVEYANCE TO DAUGHTER — CONSIDERATION.

Where a husband purchased property, and borrowed money from his daughter to pay his purchase-money notes, and executed an act of sale to her in satisfaction of her loan, the consideration, even if inadequate, made the sale real, and not simulated.

### On Rehearing.

4. DIVORCE ⬅227(2) — SEPARATION FROM BED AND BOARD—ALIMONY.

Allowance of alimony at the rate of $15 per month, granted a wife on her separation pending a final divorce, in view of defendant's financial condition and earning capacity, *held* fair and equitable.

5. HUSBAND AND WIFE ⬅4 — SUPPORT OF WIFE.

A husband is bound to provide for his wife according to his means.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Action by Mrs. Lenora C. Kemp against Philip B. Kemp and others, for separation, alimony, dissolution of the community, etc. Judgment for plaintiff, granting a separation and alimony, etc., and defendant named appeals. Reversed in part, and affirmed in part.

Clay Elliott, of Amite, for appellant.

M. I. Varnado and D. R. Johnson, both of Franklinton, for appellee.

LECHE, J. This action is for a separation from bed and board, for alimony, for a dissolution of the community, and to have declared as a fraudulent simulation a sale, executed by the defendant to his daughter by a former marriage, of a tract of land acquired by the said community.

The judgment of the district court was in favor of plaintiff, granting the separation, giving her alimony at the rate of $15 per month, declaring the sale made by defendant to his daughter to be a simulation, and refusing the claims of both parties, based upon cash advances alleged to have been made by each of them to the community. Defendant prosecutes the present appeal.

[1] The record shows that defendant, then a widower with seven children, married plaintiff December 16, 1909; that after their marriage the parties, with defendant's children, all lived together at the family homestead, consisting of a farm which defendant had acquired during the first community; that plaintiff was assaulted by defendant the latter part of July, 1916, when she left the matrimonial domicile, and some months thereafter filed the present suit.

The assault which defendant committed upon plaintiff consisted in slapping her and pulling her hair, and is not denied by defendant, though he attempts to justify this action on his part. It is also shown that on a previous occasion, though condoned at the time by plaintiff, defendant had assaulted and struck her. The record also discloses the fact that the relations between defendant's children and plaintiff were not friendly, and that frequent differences arose between the children and the stepmother; that the husband and father inclined towards the children, humiliated his wife, and finally in a fit of anger, when his oldest daughter was remonstrating with his wife, he committed the assault upon her which caused her to leave. We are of the opinion that defendant's conduct towards his wife was of such a nature as to render their living together insupportable, and that plaintiff is entitled to a separation, as prayed for.

It cannot be disputed that according to the evidence, and under the provisions of article .148, C. C., plaintiff is entitled to alimony. In her petition she asks for $50 per month, but the trial judge, who in our opinion carefully considered defendant's means and his ability to pay, as well as all other surrounding circumstances, awarded her only $15 per month. We believe the amount thus fixed is equitable and fair, and we see no reason to either increase or diminish the allowance.

[2] Plaintiff also prays in her petition to be recognized as a creditor of the community for the sum of $280, amount of her separate funds spent during her marriage with defendant. Defendant, on the other hand, prays in case the community is dissolved, to be recognized as a creditor thereof in the sum of $725. Plaintiff's claim must be disregarded, as she has neither appealed from the judgment refusing that demand on her part, nor has she answered the present appeal. That of defendant is not established with any degree of certainty. It is impossible to say whether the funds claimed to have thus been expended by him belonged to him individually or to the community. The trial judge refused his demand, and we think his finding is correct.

[3] Plaintiff finally prays in her petition that a sale of property, which belonged to the second community and which defendant made to his oldest daughter, Myrtie Kemp, by act under private signature on August 13, 1915, be declared a fraudulent simulation. The evidence shows that this property was acquired by defendant December 5, 1913, from H. A. Kennedy; that the recited consideration in the sale thereof was $800, represented by two notes, each for $400, pay-

able January 1, 1915, and January 1, 1916. Defendant not having, at the maturity of the notes, enough money to pay them in full, borrowed at various times $340 from his daughter Myrtie. The sale which he then made to his daughter was in satisfaction of this loan. It may be that the property was worth much more than $340, but the fact that there was a consideration given by Myrtie Kemp to her father for the sale and transfer made on August 13, 1915, even if inadequate, makes that sale real, and not simulated. Laenger v. Laenger, 138 La. 541, 70 South. 501.

For these reasons, it is ordered that the judgment appealed from be reversed, in so far as it decrees the sale from defendant Philip B. Kemp to Myrtie Kemp, executed on August 13, 1915, to be simulated, null, and void, and that said judgment in all other respects be affirmed.

## On Rehearing.

DAWKINS, J. [4, 5] A rehearing was granted in the above cause, limited to the question of whether or not the defendant should be required to pay plaintiff the sum of $15 per month as alimony, pending final divorce. After carefully considering the matter, we can see no reason to change our former views on that score. While it is true the record shows that defendant is suffering from some form of stomach trouble, which at times interferes with his ability to perform hard manual labor, still his condition is little, if any, worse than it has been for several years, including the time when plaintiff and defendant were married. Defendant's financial condition is about the same as that of the average hill farmer. He owns, together with his children, most of whom are minors, a little over 160 acres of land, about 50 or 60 acres of which are in cultivation. He also has horses, cattle, hogs, farming implements, etc. His yearly income from the products of his farm, exclusive of what is consumed by his family, amounts to some $400 or $500. He has managed to give two of his daughters sufficient education to render them self-supporting through teaching school; and but for his own fault, which caused the separation and subsequent suit for divorce, his wife would doubtless still be with him and helping to earn the living.

Plaintiff has no other means of support, and, as one of the obligations of the marriage, defendant is bound to provide for her according to his means. The lower court, who is doubtless better able to judge all the surrounding circumstances than we are from the cold record, thought defendant able to pay the amount allowed, and we are not inclined to disagree with him. In any event, should conditions change, and defendant become unable to comply with the judgment, or should plaintiff no longer need his support, the court has ample power to modify the decree, or to excuse him from payment altogether, should conditions so justify.

For the reasons assigned, our former decree is reinstated, and made the final judgment of this court.