(83 South. 652)

No. 23632.

KEMP v. KEMP.

(Jan. 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. DIVORCE ⬯269(11) — SEPARATION FROM
BED AND BOARD; EVIDENCE SUFFICIENT TO
SHOW THAT NONPAYMENT OF ALIMONY WAS
NOT WILLFUL.

On rule for contempt of court for nonpayment of alimony, evidence *held* sufficient to show that defendant paid alimony as long as he was able to pay it.

2. DIVORCE ⬯269(9)—SEPARATION FROM BED
AND BOARD; HUSBAND NOT IN CONTEMPT
FOR NONPAYMENT OF ALIMONY WHICH HE IS
UNABLE TO PAY.

Where husband was unable to pay prescribed alimony, and therefore has not willfully disobeyed order of court, he will not be held in contempt for nonpayment of alimony.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Action by Mrs. Lenora Kerkern Kemp against Phillip B. Kemp. Judgment for plaintiff for separation from bed and board and for alimony. On rule for contempt of court for nonpayment of alimony. From judgment ordering that he be confined in jail, defendant appeals. Judgment reversed and defendant discharged from custody.

Clay Elliott, of Amite, for appellant.
M. I. Varnado, of Franklinton, for appellee.

SOMMERVILLE, J. On rule for contempt of court. Plaintiff obtained a judgment of separation from bed and board from defendant, together with an order for him to pay her $15 per month alimony. Kemp v. Kemp, 144 La. 671, 81 South. 221.

Plaintiff has ruled defendant into court, alleging that he has failed to pay alimony for the last several months, and she asks that he be punished, as being in contempt of court, for having failed to obey the order thereof.

Defendant has answered, saying that he has paid the alimony as far as he was able to pay it; that he was sick and unable to work; and that he was unable to longer pay the stipulated sum of $15 per month to plaintiff.

Plaintiff in rule offered no evidence except the record of the suit for separation. The testimony taken in that case was not offered in evidence on the trial of this rule. Defendant, as a witness on his own behalf, testified that he had paid $330 to plaintiff as alimony under the order of the court, and that he had not paid more for the reason that he had no money; that he was not making sufficient to support himself and his two minor children; that he was sick and unable to work most of the time, and that he could not hire help to work his farm; that his cattle were poor and thin, and gave only sufficient milk and butter for his family; that his workhorses were small and poor; and that he did not realize sufficient from his farm to pay the ordinary expenses of himself and his minor children who were depending upon him at home. Defendant produced several witnesses, among them two physicians, who testified to the good character and reputation of the defendant; that he was a sick man, with stomach trouble, and with a tumor, which rendered him unable to work at times; that his farm was the ordinary hill farm in the piney woods of Washington parish, which yielded very little, even when properly worked; and that he (defendant) was not able to pay $15 per month to his wife as alimony out of the proceeds of the farm.

The *district judge after hearing this evidence, which was all rather one-sided and in favor of the defendant, made the rule absolute, and ordered the defendant to be confined in jail for 30 days. From that judgment defendant has appealed.*

[1] The preponderance of the evidence shows with sufficient certainty that defend-

ant has obeyed the order of court and paid his wife $15 per month alimony as long as he was able to pay it. It shows that he was a sick man; that he was unable to work much of the time; that he cannot hire help to assist in working his farm properly; and that the proceeds of the farm are not sufficient for him to pay the allotted amount to plaintiff.

[2] We are not prepared or called upon to say at this time whether the defendant might pay a reduced amount per month as alimony; but we are convinced that he is unable to pay $15 per month, and that therefore he has not willfully disobeyed the order of court, or that he has held it in contempt. He is entitled to relief.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, with costs, and that defendant be discharged from custody.