156 So. 171

## FIRST NAT. BANK OF SHREVEPORT v. PIERSON et al.

No. 32733.

May 21, 1934.

Rehearing Denied July 2, 1934.

Phanor Breazeale, of Natchitoches, for appellant.

S. R. Thomas, of Natchitoches, for appellees.

LAND, Justice.

On July 22, 1933, plaintiff bank obtained judgment against defendant in the sum of $2,213.52, with 8 per cent. per annum interest thereon from August 22, 1931, and 10 per cent. as attorneys' fees, with all costs of court.

Prior thereto in March, 1932, plaintiff bank filed suit and seized under attachment the interest of Pierce C. Pierson in a tract of land owned by him, and inherited from his father, amounting to approximately 62.21 acres, subject to the life usufruct, by judgment of the Tenth district court for the parish of Natchitoches, of his mother, Mrs. Aaron H. Pierson.

The attachment issued on the sole ground that Pierce C. Pierson was a nonresident, and was dissolved as the facts disclosed that he was a resident of the parish of Natchitoches.

This court affirmed the judgment of the district court on or about March 15, 1933. 176 La. 792, 146 So. 749.

While the property was still under attachment, Pierce C. Pierson, on April 7, 1932, sold to his mother, Mrs. A. H. Pierson, all of his right, title, and interest therein for the sum of $2,300; the consideration being recited in the deed as cash in hand paid.

In the present suit, filed September 8, 1933, plaintiff attacks the sale from Pierson to his mother as a fraudulent simulation, and, in the alternative, as a sale executed in fraud of creditors and as giving preference to one creditor to the injury of other creditors, and especially plaintiff bank.

In other words, plaintiff bank, in the alternative, has brought a revocatory action to annul the sale as fraudulent, and to have the property decreed to belong to Pierson and subjected to the payment of plaintiff bank's debt and judgment.

In defendants' answer, the prescription of one year is pleaded as a bar to plaintiff bank's right to recover under its alternative demand.

The case was tried on the merits, and, after the evidence was adduced, defendants filed an exception of no cause of action.

The following judgment was rendered by the trial judge:

"In this case by reason of the law and the evidence being in favor of the defendants and against plaintiff on the trial hereof.

"It is therefore ordered, adjudged and decreed that the exception of no cause or right of action and plea of prescription be sustained, plaintiff's demand be rejected and his suit dismissed at his cost." Tr., p. 23.

We interpret this judgment not as one rendered on the merits of the case, but as an adverse decision, maintaining an exception of no cause or right of action and sustaining the plea of prescription of one year.

From this judgment, plaintiff bank has appealed.

1. We have not been furnished with a written opinion by the trial judge or with a brief on behalf of defendants.

Article 1994 of the Civil Code declares that: "The (revocatory) action given by this section, is limited to one year; if brought by a creditor individually, *to be counted from the time he has obtained judgment against the debtor*; if brought by syndics or other representatives of the creditors collectively, to be counted from the day of their appointment." (Italics ours.)

Judgment was obtained by plaintiff bank against Pierson, the debtor, July 22, 1933, and the present revocatory action was brought by the bank, a creditor individually, September 8, 1933, or within a few months after the bank obtained judgment against its debtor. It is clear, therefore, that the prescription of one year pleaded by defendants had not accrued, and was therefore improperly maintained by the court below.

2. The debt of plaintiff bank is alleged to have originated in August, 1931, and the sale attacked by plaintiff bank as having been made by defendant in fraud of his creditors is averred to have been executed on April 7, 1932. The contract of sale which plaintiff bank sues individually to annul was not made before, but after, the time the debt of plaintiff bank accrued.

In other words, the claim of plaintiff bank demanding a revocation existed prior to the act sought to be annulled. C. C. art. 1993.

Plaintiff bank also alleges that, at the time of the sale, Pierson was in insolvent circumstances to the knowledge of the vendee, and that such sale, if allowed to stand and held to be valid, will cause plaintiff bank irreparable injury; that the sale was made to defraud the creditors of Pierson; and that the vendee knew that such contract of sale gave to her, if she be a creditor, an unfair advantage over other creditors of the vendor, and especially plaintiff bank.

Plaintiff bank has alleged the vendor's insolvency, and the bank's inability otherwise to collect the debt; that there was fraud in the vendor, knowledge in the vendee, and injury to the complaining creditor; and that the claim of the bank existed prior to the act sought to be annulled.

These allegations contain all of the averments essential to a revocatory action and necessarily set forth a right and cause of action. Seixas v. Citizens' Bank, 38 La. Ann. 424; E. J. Hart & Co. v. Bowie, 34 La. Ann. 323; Meche v. Lalamie, 30 La. Ann. 1136.

■ 3. Plaintiff bank, in its main demand, avers that the sale from Pierson to his mother is a fraudulent simulation, that no money was paid; and that the sale constitutes a fraud upon the bank, injurious to it, and left the bank's debtor wholly without property of any kind; and prays that the alleged sale be decreed a fraudulent simulation and ordered to be canceled, and that the property intended to be sold by Pierson to his mother be declared subject to the payment of the bank's debt and judgment.

These allegations are sufficient to charge fraudulent simulation and set forth a right and cause of action.

In Johnson v. Mayer, 30 La. Ann. 1204, the court said: "When sales are attacked by a direct action, there is no reason why the party may not demand relief from them by alleging simulation or fraud, or both. We are not disposed to hamper the remedies of creditors, who resort to direct actions, by doubtful technicalities. In the class of cases now under consideration, the widest latitude should be given them, for they are necessarily to a great degree uninformed as to the precise relation existing between their debtor and his coadjutors in wrong-doing—often they are compelled to strike in the dark. If the purchaser's title is an honest one, it is better for him that the double test be applied in one, instead of two suits. Little ground is there for him to complain, when he is called upon by citation and petition to verify the truth and reality of his title. The prayer of plaintiff's petition is broad enough to cover our decree, whether we hold the sale to be simulated or fraudulent."

See, also, Mackesy v. Shultz, 38 La. Ann. 385.

Our conclusion is that plaintiff has set forth a right and cause of action in both its main and alternative demands, and that the plea of prescription of one year tendered against plaintiff's alternative demand was erroneously sustained.

It is ordered that the judgment appealed from be annulled and reversed. It is now ordered that the exception of no right or cause of action and the plea of prescription be overruled, and that this case be remanded and reinstated on the docket of the lower court, and be proceeded with in accordance with the views herein expressed.