FOURNET, Justice.
 

 This is a revocatory action instituted by the Commercial National Bank in Shreveport, a creditor of Leon S. Haas, seeking to annul a certain transfer of 281 pieces of real estate situated in the parishes of St. Landry, Evangeline, Avoyelles, Rapides, and Lafayette, made by Haas to the Opelousas-St. Landry. Securities Company, Inc., for and in consideration of the assumption by the vendee of certain mortgage notes executed by Haas, in favor of and owned by the St. Landry Bank & Trust Company, aggregating the sum of $132,789.49, and affecting the property transferred.
 

 Defendants filed exceptions of (1) no cause or right of action; (2) nonjoinder of proper parties defendant; and (3) of vagueness. The three exceptions were sustained by the judge of the lower court, and plaintiff has appealed.
 

 In the case of First Nat. Bank of Shreveport v. Pierson et al., 180 La. 48, 156 So. 171, 172, this court said that “plaintiff bank has alleged the vendor’s insolvency, and the bank’s inability otherwise to collect the debt; that there was fraud in the vendor, knowledge in the vendee, and injury to the complaining creditor; and that the claim of
 
 *505
 
 the bank existed prior to the act sought to be annulled,” and held that “these allegations contain all of the averments essential to a revocatory action and necessarily set forth a right and cause of action”; citing Seixas v. Citizens’ Bank, 38 La. Ann. 424; E. J. Hart & Co. v. Bowie, 34 La. Ann. 323; Meche v. Lalamie, 30 La. Ann. 1136.
 

 The facts, as alleged in plaintiff’s petition and which must be accepted as true for the purpose of disposing of the exceptions of no-cause or right of action (Trumbaturi v. Katz & Besthoff, Ltd., 180 La. 915, 158 So. 16, 17; Rome v. London & Lancashire Indemnity Co. of America, 181 La. 630, 160 So. 121), are, in substance, as follows:
 

 That the debt sued on was incurred on December 14, 1931, prior to the date of the execution of the act of transfer, October 20, 1932; that at that time Haas was insolvent or made so by the transfer of virtually all his property to the knowledge of ■defendant; that the consideration was vile and for a prior existing debt due by Haas to the St. Landry Bank & Trust Company, and that the title to the property was placed in the name of the defendant as agent and for the convenience of the St. Landry Bank & Trust Company, which owns and controls the defendant corporation and uses it as its agent to hold such property it must take over for past-due debts; that a large portion of the property was unincumbered; and that Haas thereby gave a fraudulent preference to the bank, to its knowledge and with its consent.
 

 We are of the opinion that plaintiff’s petition contains all the necessary allegations for a revocatory action and does, therefore, set forth a right and cause of action. First Nat. £ank of Shreveport v. Pierson, supra.
 

 We shall next consider the exception of nonjoinder of parties defendant.
 

 “It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing.” Heirs of Burney v. Ludeling, 41 La. Ann. 627, 6 So. 248, 251; Succession of Todd, 165 La. 453, 115 So. 653.
 

 In the case of Vandine v. Eherman & Lecanu, 26 La. Ann. 388, this court said:
 

 “The action is * * * a revocatory one, and as
 
 the petition discloses other parties in interest
 
 besides those who are made defendants,
 
 who were not made parties,
 
 we think the exception of the defendants should have been sustained.
 

 “It is, therefore, ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed; that the exceptions be maintained, and this suit be dismissed as in case of nonsuit.” (Italics ours.)
 

 It is obvious
 
 from the allegations of plaintiff’s petition
 
 that the Opelousas-St. Landry Securities Company, Inc., defendant herein, is a mere nominal party, used as agent and for convenience only by the St. Landry Bank & Trust Company, and necessarily the bank is the real party interested in the outcome of this litigation and the one who will be mostly affected by any decree that might be rendered in-this suit.
 

 
 *507
 
 But counsel for plaintiff contend that the record owner of the real estate is the proper party against whom the revocatory action must be brought even though it might be shown that the record owner was merely the agent of the real owner, citing in support of this contention the cases of Knob-lock et al. v. Posey, 126 La. 610, 52 So. 847, and Garlick v. Dalbey, 147 La. 18, 84 So. 441.
 

 We have carefully reviewed these authorities and find that they do not control the issue at bar because in the instant case the plaintiff alleges that the bank is the real party at interest.
 

 We, therefore, think that the exception of nonjoinder of parties defendant was properly sustained by the lower court. Vandine v. Eherman & Lecanu, supra; see also Black v. Bordelon, 38 La. Ann. 696.
 

 Our conclusion on the second exception makes it unnecessary for us to pass upon the exception of vagueness.
 

 We differ with our learned brother below in dismissing the suit outright, and are of the opinion that plaintiff was entitled to a nonsuit.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court is annulled in so far as it sustained the exceptions of no cause or right of action, and affirmed with reference to the exception of nonjoinder of parties defendant; and plaintiff’s suit is now dismissed as of nonsuit, at its costs.