167 So. 442

FIRST NAT. BANK OF SHREVEPORT v.

PIERSON et al.

No. 33262.

March 30, 1936.

Blount B. Breazeale, Jr., of Natchitoches, for appellant.

S. R. Thomas, of Natchitoches, for appellees.

BRUNOT, Justice.

This is a revocatory action. The appeal is from a judgment rejecting the plaintiff's demand and dismissing the suit at its cost. The plaintiff is a creditor of the defendant Pierce C. Pierson. It first proceeded against Pierson, its debtor, by way of attachment, upon the alleged ground that Pierson was a nonresident. After a hearing the attachment was dissolved, and the plaintiff suspensively appealed, to this court, from that judgment; but before perfecting its appeal, Pierson, the debtor, transferred all of the property he then owned to his mother. After the case was heard on appeal, this court affirmed the judgment dissolving the attachment, whereupon the plaintiff filed an ordinary suit against Pierson and, in due course, obtained a judgment against him in the sum of $2,213.52, together with 8 per cent. per annum interest thereon from August 22, 1931, and 10 per cent. attorney's fees upon said principal and interest, and all costs of the suit. There was no appeal from this judgment.

Following the finality of its judgment, the plaintiff filed this suit. The defendants excepted to the petition as not disclosing a cause of action, pleaded the prescription of one year, and filed their answer to the suit. The case was fully tried, but after its submission the trial judge maintained the defendants' exception and plea of prescription and dismissed the suit at plaintiff's

cost. On appeal to this court, the judgment appealed from was avoided and reversed, the defendants' exception and plea of prescription were overruled, and the case was remanded to the trial court for a judgment on the merits. This case is reported in 180 La. 48, 156 So. 171.

The plaintiff attacks the sale from Pierson to his mother on two grounds, viz.: As being a simulation pure and simple, or, in the alternative, as being made with fraudulent intent to defraud his creditors by giving an undue preference to one of them. We will say here that neither defendant has made an appearance in this court through counsel or otherwise, or filed a brief in the case. Since the overruling, by this court, of the defendants' exception and plea of prescription, their only remaining defense applies to the merits, and is found in their allegation that Pierson's sale to his mother was made in good faith and for a valid consideration. By reference to the defendants' answer to the petition herein, it is seen that defendants judicially admit that they knew that Pierson was insolvent at the time he transferred his interest in his father's estate to his mother, and that he owned no other property, real or personal, at that time. Mrs. Pierson did not testify in the case, but Pierce C. Pierson, called on cross-examination, testified that no money was paid at the time the sale of his interest in his father's estate was passed. The act of sale is in the transcript. It contains the following recital:

"This sale is made for the consideration of the sum of twenty-three hundred dollars, cash in hand paid, the receipt of which is hereby acknowledged."

■ Pierson testified, however, that he had received from his mother, at indefinite times, during the eighteen years preceding the sale, various sums of money, which, in his opinion, exceeded in the aggregate $2,300, and he transferred his property to his mother in payment thereof. Inasmuch as this testimony is not rebutted, we must hold that some valuable consideration was received by the vendor for the property, and therefore the sale was not a simulation pure and simple. Harman v. Defatta et al., 182 La. 463, 162 So. 44; Citizens Bank & Trust Co. v. Willis et al., 183 La. 127, 162 So. 822.

■ With reference to plaintiff's alternative plea, the situation is quite different. The fact that the vendor and vendee both knew—in fact, judicially admitted—that the vendor was insolvent when he transferred all the property he owned to the vendee, relieves the plaintiff of the necessity of producing any proof of those facts. Moreover, the plaintiff, prior to the sale from Pierson to his mother, had filed suit against Pierson for several thousand dollars, and this suit was still pending in the court on the date of the sale. These facts convince us that Pierson fraudulently attempted to place his property beyond the reach of his other creditors by placing the title thereto in the name of his mother, thereby giving her an unfair preference over his other creditors. Inasmuch as no part of the recited cash paid passed at the time of the sale, the following articles of the Civil Code (2d Ed.), apply to this case, viz.: articles

1969 and 1984. The jurisprudence of this state is likewise fixed by many cases, from which we cite Newman v. Baer & Levy, 50 La.Ann. 323, 23 So. 279; Olivier, Voorhies & Lowrey v. Majors, 133 La. 764, 63 So. 323, 328. In the last-cited case we quote from the opinion the following:

"T. J. Majors being insolvent, it was his sacred duty to give effect to these principles of equity. It appears that he disposed of his whole property while the plaintiff was prosecuting to judgment its claim for the debt due it. * * * The just principle of the Spanish law still prevails, that the debtor who sells the whole of his property to the prejudice of a creditor is presumed to do it maliciously and with the intention to defraud.

"The evidence leads us to conclude that the codefendant knowingly aided in carrying these unlawful intentions of his cousin, by purchasing, knowing him to be insolvent, all of his assets, out of which plaintiff could realize its debt. * * * We must exercise the discretion confided in us by the Code, and look through the apparent into the real transactions of the parties, which are covered by but a thin veil."

For these reasons it is ordered, adjudged, and decreed that the judgment appealed from be, and it is hereby, avoided and reversed.

It is further decreed that the sale from Pierce C. Pierson to Mrs. A. Howell Pierson, dated the 7th day of April, A. D. 1932, passed before S. R. Thomas, notary public, and of record in Book 167, folio 570, of the conveyance records of the parish of Nat-

chitoches, state of Louisiana, be annulled as having been executed in fraud of the vendor's creditors, and as giving an undue preference to one of them, to the prejudice and injury of the others, particularly the plaintiff, and as otherwise prayed for in the alternative prayer of plaintiff's petition.

It is further decreed that the defendants pay the costs of this suit.

O'NIELL, C. J., absent.