**JONES v. DIETRICH et al.**

No. 5847.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

Richard B. Williams, of Natchitoches, for appellants.

C. B. McClung, of Natchitoches, for appellee.

TALIAFERRO, Judge.

In execution of a writ of fieri facias issued on a judgment of date May 6, 1938, in favor of plaintiff and against Mrs. Nancy Dietrich, the sheriff of Natchitoches Parish levied seizure on two acres of land with improvements thereon, near the City of Natchitoches, Louisiana. Thereafter, on May 19, Mrs. Myrtle D. Deloney executed an affidavit and delivered same to said sheriff wherein she asserted ownership to the seized property and referred to the record of deed thereto from Mrs. Dietrich to her in the office of the Clerk of Court of Natchitoches Parish; and in addition, she therein avers that the seizure of her property is illegal and that she desires that it be released or that the sheriff require plaintiff to provide bond "to cover damages as she may suffer by the result of this illegal seizure". The sheriff advised plaintiff that the seizure would be

released unless he provided an indemnity bond as requested by Mrs. Deloney. Thereupon plaintiff instituted the present suit against Mrs. Deloney, Mrs. Dietrich and the sheriff. He attacks the sale of the seized property from Mrs. Dietrich to Mrs. Deloney as being a fraudulent simulation, wholly without consideration and executed solely for the purpose of preventing him from enforcing his judgment against the property therein described, and prays that the act be declared null and void so far as it was intended to affect him. In conjunction with this action, plaintiff sued out a rule on all three defendants to show cause why they should not be enjoined and restrained from releasing the seizure on said property and why the sheriff should not proceed to the sale thereof in satisfaction of said writ.

Defendants excepted to the petition as disclosing neither a right nor cause of action. Amplifying the exception, it is stated that the rule sued out "is an attempt to rescind, annul, cancel and set aside a contract between the two defendants named therein, and that such action may not be asserted under summary process or by rule to show cause". The exception was referred to the merits. It is urged here. The rule was made absolute and a preliminary injunction issued as prayed for.

Answering to the merits, defendants generally deny the allegations of the petition. They aver that the deed of the property, under attack, was made in good faith and for a valuable consideration, the amount therein expressed, which, they also aver, was paid by the purchaser to the seller. They pray that plaintiff's suit be dismissed and his demands rejected; that the seizure in question be released and that they have judgment against plaintiff for $50, the amount of the fee of their counsel.

From a judgment for plaintiff as by him prayed for Mrs. Dietrich and Mrs. Deloney appealed.

█ We do not think the exception well founded. The issue vel non of the ownership of the seized property was not raised by the rule. The rule was merely incidental to the main suit which did tender the issue of ownership. That issue was tried out and disposed of below as in ordinary cases.

█ The deed in question was executed by the parties (appellants) before a notary public on July 15, 1937, and registered the same day. This was nearly nine months prior to filing of original suit by plaintiff. He did not know the transfer had been made until after rendition of judgment in his favor. The deed recites a consideration of $800 cash. It is conceded that this amount was not paid.

Mrs. Dietrich purchased the seized property in April, 1930. She has lived thereon continuously since that date. Mrs. Deloney is her daughter. She married in 1933 and lived with her husband in her mother's home in 1934. During that year needed repairs were made on the family residence. This was done by a local friend who was willing to carry the expense thereof for an indefinite time. The final payment thereon was made in July, 1937. The account was extinguished by monthly payments and it was then that Mrs. Deloney asked her mother to transfer the property to her.

Appellants testified that before said repairs were made, Mrs. Deloney agreed to assist her mother in defraying the expense of same, because she was not in a position to absorb all of said expense herself, and that in keeping with this understanding Mrs. Deloney did make monthly payments of an average of $10 to her mother for the next 36 months, the last one being made in May, 1937. Mrs. Deloney's husband provided her with the cash necessary to make the monthly advances to Mrs. Dietrich. Mr. Deloney corroborates the testimony of his wife and mother-in-law regarding their agreement and said payments. There is nothing in the record to rebut this testimony. They all say the full amount of $360 was due to Mrs. Deloney when the deed was executed and that that amount was the true consideration for the transfer of the property. We are convinced from the testimony that this amount was due and owing to Mrs. Deloney when the deed was signed, and that the transfer was made to extinguish the indebtedness. The property is worth more than twice that amount. Mrs. Dietrich has other children but it appears that only Mrs. Deloney was in a position to or did render her assistance in a material way. She wished to protect her by conveying the property to her. Mrs. Dietrich, after the sale, continued to occupy the property as she had previously done. Mrs. Deloney did not take actual possession of it. Possession, fictively at least, followed execution of the notarial act of sale. Civil

Code, article 2479; Brown, Adm'r, v. Brown, 30 La.Ann. 966. It was understood that the mother should live on it and use it as she wished to for the balance of her life. Such contracts between parents and children are quite common in this state and are not invalid because of their peculiar character.

■ Plaintiff held two notes of Mrs. Dietrich which were dated in 1929 and 1931, respectively. She had made small payments thereon at intervals. He interviewed her with the view of securing additional payments, he thinks on July 14, 1937, the day before the said deed was executed, but met with no success. He then intimated that he would file suit on the notes. He delayed suing for several months. It is his theory that this action on his part prompted the execution of the deed. He was unable to prove that Mrs. Deloney knew of this interview with her mother nor that he had threatened to enter suit against her. Mrs. Deloney denies any knowledge thereof. Her mother corroborates her. It is true, however, that Mrs. Deloney did know of her mother's indebtedness to plaintiff. As we view the situation, even had Mrs. Deloney known of the threatened suit, this would not unfavorably affect the sale to her by Mrs. Dietrich. This sale is attacked as a simulation, purely and simply. We find that it has a substantial consideration as a basis and, this being true, it may not legally be ignored. Jurisprudence supporting this doctrine extends back for nearly a century.

■ In the Brown case, supra, the court announced the pertinent principles very clearly. It was held therein:

"When an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, the transaction is not a simulated one. * * *

"Even when it is shown that the expressed consideration of a transfer does not exist, the contract can not on that account be invalidated, if the transferee proves that there was another legal, and sufficient consideration."

In passing, the court further held:

"The possession of the vendor after the sale creates, as to third persons, a presumption of simulation, unless the verity of the transaction be shown. C.C. [arts.] 2480, 1921. That presumption has been rebutted in this case by showing that there was a consideration, perhaps inadequate, yet real and actual."

This holding is reaffirmed in the recent case of First National Bank of Shreveport v. Pierson et al., 184 La. 787, 167 So. 442, the syllabi of which, in part, read:

"Son's sale of property to mother in payment of past indebtedness in excess of $2,300 held not a simulation, and hence son's creditor was not entitled to annul sale on such ground."

In that case a son conveyed to his mother property in satisfaction of an indebtedness arising from cash advances over a period of eighteen years preceding date of the transfer.

The cases of Harman v. Defatta et al., 182 La. 463, 162 So. 44, and of Citizens' Bank & Trust Co. v. Willis et al., 183 La. 127, 162 So. 822, are referred to. As pertinent to the issue, see also Lowe v. Garriga et al., La.App., 162 So. 441, which was reviewed by the Supreme Court and reported in 184 La. 436, 166 So. 131.

In Kemp v. Kemp et al., 144 La. 671, 81 So. 221, the court held:

"Where a husband purchased property, and borrowed money from his daughter to pay his purchase-money notes, and executed an act of sale to her in satisfaction of her loan, the consideration, even if inadequate, made the sale real, and not simulated."

■ Mrs. Deloney's property was illegally seized. Although she did not take the initiative of going into court by third opposition to vindicate her ownership, she was forced to employ counsel to do so and to secure the release of the property from its illegal seizure. Any unlawful seizure of private property causes damage. It amounts to an invasion of private rights of that character which all the laws of the land are designed to prohibit. No damages for the illegal seizure are asked save the amount paid counsel. We think this an element of damages recoverable herein. Turner v. Ratcliff, La.App., 152 So. 379; Tilly v. Woodham, La.App., 163 So. 771.

For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and for said reasons it is now ordered, adjudged and decreed that plaintiff's demands be rejected and his suit dismissed at his cost in both courts.

It is further ordered that the sheriff release the seizure of the property herein involved.

It is further ordered, adjudged and decreed that defendant, Mrs. Myrtle D. Deloney, have judgment against plaintiff, Jas. W. Jones, Jr., for the sum of Fifty Dollars ($50) with legal interest from judicial demand.