36 So.2d 395

## MELTON v. MELTON.

### No. 38960.

June 1, 1948.

Leo Gold and Donald Garrett, both of Alexandria, for relator.

W. A. Culpepper, of Alexandria, for respondent.

PONDER, Justice.

The relator, having been found guilty of contempt of the lower court and sentenced to serve ten days in the parish jail, has invoked our supervisory jurisdiction.

The relator's wife was granted a judgment of separation from bed and board and the relator was condemned to pay $50 per month for the support of his wife and their minor child. The relator, having failed to pay the alimony, was ruled into court to show cause why he should not be held in contempt of court. Upon trial of the rule, the relator interposed an exception of no right and no cause of action based on the ground that there was no allegation in the petition for the rule that an amicable demand had been made on him for the payment of the alimony. The exception was overruled by the lower court and, after testimony had been adduced on behalf of plaintiff in the rule, the relator was refused the right to show his inability to pay the

alimony because the lower court was of the opinion that evidence to that effect was not admissible under the exception and not admissible because the relator had filed no answer to the rule alleging his inability to pay. Thereupon, the lower court adjudged the relator in contempt of court and sentenced him to serve ten days in the parish jail. Our supervisory jurisdiction has been invoked.

Under provisions of Act No. 189 of 1898 a person who has failed to obey an order or judgment condemning him to pay alimony cannot be held in contempt of court if it appears that his failure to obey is due to his inability to comply with the order or judgment. From the title of the statute, as well as its text, it is plain that the purpose of the statute is to protect a delinquent debtor from being held in contempt of court if he is unable to pay. From the title of the act, we find it is to carry into effect Article 177 of the Constitution of 1898 and to limit the power of courts to punish for contempt. Article 177 of the Constitution of 1898 is retained in the Constitution of 1921 as Section 17 of Article 19 and reads as follows: "The power of the courts to punish for contempt shall be limited by law."

These proceedings by rule, summary by nature, are not governed by the rules applicable to ordinary proceedings. A rule for contempt for the refusal to pay alimony is in the nature of a criminal prose-

cution. Perrault v. Edwards, 170 La. 671, 129 So. 125.

In the case of Snow v. Snow, 188 La. 660, 177 So. 793, we pointed out that relieving a debtor from the odium of being in contempt of court for having failed to pay his debt is entirely different from releasing him from the debt itself. We cited therein, with approval, decisions of this Court stating that it was error on the part of a trial court to refuse to hear evidence offered by a defendant to show his inability to pay alimony. See also Kemp v. Kemp, 146 La. 361, 83 So. 652.

For the reasons assigned, the conviction and sentence are set aside and the relator is discharged.