SAVOY, Judge ad hoc.
This suit was instituted by plaintiffs as children and grandchildren of Cornelius McBride against William McBride, a son of Cornelius McBride, and Annie McBride, a sister, to set aside a sale dated January 9, 1947, wherein the said Cornelius McBride purported to transfer certain real estate in Acadia Parish to William McBride. The deed or alleged sale contained the following recital:
“In making this deed to Vendee, it is understood and mutually agreed, that Vendors retain the usufruct of the above described property to be used and enjoyed by them during the balance of their natural lives and at the death of the survivor of them, (Vendors) this deed to operate as a complete transfer of said property to said Vendee, his heirs and assigns.”
Plaintiffs contend that the purported act of sale mentioned above is a donation in disguise and also a donation omnium bon-orum.
*354 Alternatively, plaintiffs allege that should the Court fail to find that the alleged act is a donation in disguise or a simulation, then they allege that since the said Cornelius McBride reserved the right of usufructuary to himself for the remainder of his life that they be entitled to reserve their right of action against the said defendant, William McBride, for the value of said usufructuary’s interest in said land.
Defendants filed a general denial asking that the deed be reformed to delete the reservation as to the usufruct, and in the alternative asked for a money judgment against plaintiff for money advanced by defendant to Cornelius McBride. The lower court dismissed plaintiffs’ suit. This appeal followed.
Annie McBride was made a party to the suit for the reason that she refused to join with plaintiffs therein.
Since the sale mentioned above, both Cornelius McBride and his wife, Elizabeth Daigle McBride, have departed this life, and the plaintiffs and defendants are the sole heirs of said deceased parties.
In the case of Olivier’s Minor Children v. Olivier, 215 La. 412, 40 So.2d 803, 804, the Supreme Court had this to say:
“Under the express provisions of the Revised Civil Code, ‘The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a do- . nation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale’ (Article 2444), but ‘where the thing sold remains in the possession of the seller, because he has reserved to himself the usu-fruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.’ Article 2480.”
Under the above provisions of law, namely Article 2480 of the LSA-Civil Code, since the said Cornelius McBride reserved the usufruct to himself, there is a presumption that the sale herein was simulated, and the burden of proof shifts to William McBride to show that sufficient consideration to maintain said sale was given to his father, Cornelius McBride.
While the act of sale was passed before Lloyd Franques, a Notary Public in Acadia Parish, testimony reveals that the instrument in question was prepared by a person versed in the law of this state.
The act of sale recites that a cash consideration of $2,500 was passed from the vendee to the vendor at the time of the sale, however, the defendant testified that he had loaned his father $1,400 and had taken a mortgage on the property, and for the balance of the purchase price that he had given his father a check that was to be paid later in the year.
After reading the record in its entirety, this Court is of the opinion that the defendant has not discharged the burden placed on him to show an adequate consideration for the transfer of said property. While it is true that the act of mortgage from Cornelius McBride to William McBride was recorded in the Mortgage Records of Acadia Parish, still there is no showing in the record that William McBride ever gave the sum of $1,400 mentioned in the mortgage to his father, nor is there any evidence in the record that the remaining price for said land has been paid.
It appears to the Court that the reason that the transfer of the property from Cornelius McBride to William McBride was in the form of a sale was for the reason that a donation by the father to the son would have been null and void under the provisions of Article 1497 of the LSA-Civil Code, which provides as follows:
“Donation inter vivos — Restriction on amount.- — -The donation inter vivos *355 shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.”
The evidence shows that the property in question was the only property owned by Cornelius McBride at the time of the transfer to the defendant.
Another possible reason for making the act of transfer in the form of a deed rather than a donation was because according to Article 1533 of the LSA-Civil Code, the donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself. The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Article 2479, LSA-Civil Code. This is true whether the act be a sale or a dation en paiement, Warden et al. v. Porter et al., 228 La. 27, 81 So.2d 707, and cases cited therein.
It is significant to the Court that shortly after the transfer from Cornelius McBride to defendant that the said Cornelius McBride was placed on the old age welfare rolls of this state. The Court is familiar with the welfare operations and it is well known that if a person owns property that he will not be placed on the welfare rolls or given old age assistance. This is probably another reason why the transfer of the property was made.
Defendant in his brief has cited the case of Blackman v. Brown, 155 La. 959, 99 So. 711. This case deals solely with Article 2444, whereas in the case at bar we are dealing with Article 2444 and 2480 of the LSA-Civil Code.
The cases of Brown, Administrator v. Brown, 30 La.Ann. 966, and First National Bank of Shreveport v. Pierson et al., 184 La. 787, 167 So. 442, are not applicable because the facts are different in those cases from the one in the case at bar.
The cases of Jones v. Dietrich et al., La.App., 186 So. 881, and Citizens Bank and Trust Company v. Willis, 183 La. 127, 162 So. 822, are not applicable for in this case the defendant did not agree to the support of his parents as long as they should live.
By stipulation between the parties, it was agreed that William McBride had advanced the funeral expenses for the funeral of his father. This is a claim against the separate estate of the father. Succession of Lewis, La.App., 12 So.2d 7. The Court accordingly reserves the right of the defendant, William McBride, to take such action as he may deem necessary against the separate estate of his father to recover the amount of funeral expenses and for the burial plot.
Perhaps the defendant was more attentive to his father than were the other children, and while it might be true that defendant may have given his father something of value during his lifetime, still this cannot be a basis for a consideration of the transfer in question, for anything given by the son to the father is presumed to be gratuitous. It is also well recognized that some parents favor or like some children better than others in the family.
For the reasons assigned, the judgment of the district court is hereby reversed, annulled and set aside, and judgment is hereby rendered in favor of plaintiffs and against defendants, decreeing the purported act of sale dated January 9, 1947, and recorded in Conveyance Book 0-8, Page 378, Conveyance Records of Acadia Parish, to be null and void, and the plaintiffs and defendants are hereby recognized to be the owners of the following described property, situated in the Parish of Acadia, to-wit:
That certain tract or parcel of agricultural land containing thirty-five (35) arpents, more or less, situated in Acadia Parish, Louisiana, about two and one-half (2^4) miles Northwest of the Town of Church Point, Louisiana, bounded on the North by land of Linus *356 Richard, East by land of Daniel Elkins, South and Southwest by land of Lloyd Franques. It being the same land acquired by Cornelius McBride from the Estate of Julia Latiolais, Colligan and Daigle about the year 1920. Also with all buildings and improvements situated thereon,
in the following proportions, to-wit:
Cornelius McBride-9/18ths
Agnes McBride- 1 / 18th
Eula McBride--— l/18th
Josephine McBride- l/18th
Lydiana McBride- l/18th
Francis McBride- l/18th
William McBride.-.l/18th
Annie McBride- l/18th
Bertrand McBride- l/18th
Ala Mae McBride- l/36th
Mary Lee McBride- l/36th
Defendant, William McBride, to pay all costs of court in the lower court and in this court.
Judgment reversed.