## No. 931.

### St. Germain and Maraist vs. Darcourt Landry and Wife.

The prescription of one year is pleaded against the plaintiffs' action to set aside a *dation en paiement* and to annul a judgment in favor of the wife against the husband. This suit having been instituted on the seventh of March, 1874, the plea is good as to the *dation en paiement*, which was executed on the fifteenth of February, 1872, but was untenable as to the judgment which was obtained on the twenty-ninth of November, 1873.

Article 1987 of the Civil Code applies exclusively when the alleged nullity is an undue preference given to one creditor over another, and the action must then be brought within a year from the contract or judgment, while article 1994 applies to all contracts or judgments by which creditors are injured, and then is prescribed in one year, to date, if brought by a creditor individually, from his judgment against the debtor; and if by the syndic or representative of creditors, from his appointment. In this case article 1994 governs.

The position assumed by the plaintiffs that certain deductions from the amounts received by the husband on account of his wife should be made, because they were for the price of slaves, is erroneous.

APPEAL from the Third Judicial District Court, parish of St. Martin. Train, J. Felix Voorhies & M. Voorhies for plaintiffs and appellants. L. J. Gary, for defendants and appellees.

Ludeling, C. J. This is an action instituted by the plaintiffs against the defendants to set aside a *dation en paiement* from the husband to the wife, and to annul a judgment in favor of the wife against the husband.

The prescription of one year against the plaintiffs' action is pleaded.

The *dation en paiement* was executed on the fifteenth of February, 1872, and the judgment in favor of the wife was obtained on the twenty-ninth of November, 1873. This suit was instituted on the seventh of March, 1874, more than one year after the *dation en paiement* and less than one year after the rendition of the wife's judgment.

The plea is, therefore, good as regards the *dation en paiement*, but untenable as to the judgment.

Article 1987 of the Civil Code applies exclusively when the alleged nullity is an undue preference given to one creditor over another, and

the action must then be brought within a year from the contract or judgment, while article 1994 applies to all contracts or judgments by which creditors are injured, and then the action is prescribed in one year, to date, if brought by a creditor individually, from his judgment against the debtor, and if by the syndic or representative of creditors, from his appointment. In this case article 1994 governs.

But the evidence satisfies us that the wife's judgment is substantially correct. The position assumed by the plaintiffs that certain deductions from the amounts received by the husband on account of his wife should be made, because they were for the price of slaves, is erroneous. 5 An. 688; 25 An. 287.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.