The plaintiff filed a suit against the defendant, Charles Domangue, on June 1, 1938, for $3,328.26 and secured a judgment against him for said amount on October 24, 1938. The present suit was filed by the plaintiff against the said defendant and his son, Herman Domangue, on July 28, 1939, in which the plaintiff alleges that during the time the suit was pending against said Charles Domangue, or after the said indebtedness had been incurred, the said Charles Domangue and his said son disposed of and covered up all of the seizable property of the said Charles Domangue; that they entered into a pretended sale of a gasoline boat called the "Eagle", and likewise entered into a pretended sale of certain real estate situated on East Park Street in the City of Houma, a copy of a sale from Charles Domangue to his said son being annexed to the petition and made a part thereof; that plaintiff was unable to locate sufficient property of its judgment debtor to satisfy its judgment; that at the time the said sales were made the said Herman Domangue was fully aware of the fact that its suit against his father was then pending or threatened.
It is alleged that there was no cash consideration for the pretended sales, but said sales were pure simulations and frauds upon the rights of plaintiff and were made in an attempt to place said property beyond the reach of this creditor, and as the said Herman Domangue had conspired with his father to evade payment of plaintiff's claim and had taken over the property covered in the pretended sales, he had thereby rendered himself liable with his father for the payment of the judgment. The prayer of the petition is that the pretended sales of the gasoline boat "Eagle" and the real estate, "and such other property as said Charles Domangue may on trial of the case be shown to have fraudulently disposed of to his son, Herman Domangue", be annulled and set aside, and condemning the said Herman Domangue for the full amount of plaintiff's judgment.
Both defendants filed an answer admitting the sales, but they averred that the sales were made in good faith and for a valid consideration; that the sale of the gasoline boat "Eagle" was made for a consideration of $700, of which amount the sum of $250 was in the assumption of a mortgage on this boat held by Alidore Mahler, the sum of $350 represented the amount due Herman Domangue by his father for groceries furnished the latter, and the sum of $100 was paid in cash; that the real estate was covered by a mortgage held by Theriot, and the $500 paid for this tract of land was turned over to Theriot to apply on the mortgage.
There was judgment in favor of the defendants, and the plaintiff has appealed. The defendants have filed a plea of one year prescription in this court.
While the petition alleges that the sales were "pretended sales" and made without consideration, the evidence shows that there was a consideration for each sale. No motion was filed by the defendant to require plaintiff to elect whether it was *Page 752 
contesting the sales as pure simulations or as fraudulent transfers. The petition alleges that the transfers were "pure simulations and frauds" upon the rights of plaintiff, and the prayer of the petition is for the annulment and setting aside of these sales.
In a direct action to annul and set aside a sale where the petition contains the necessary allegations and prayer for the revocatory action and where the sale is alleged to be "simulated and fraudulent", the judge is authorized to grant the relief, if the evidence establishes either simulation or fraud. Mackesy v. Schultz et al., 38 La.Ann. 385; Johnson v. Mayer et al., 30 La.Ann. 1203.
The sale of this lot measuring 32 feet front on East Park Avenue was made on January 24, 1938, before the suit was filed by the plaintiff against Charles Domangue and before any demand had been made on him for the payment of its claim. Charles Domangue contested this claim, and at the time he sold this tract of land to his son, the latter had no reason to suspect that his father was endeavoring to shield this lot of ground from this creditor. On the other hand, it is shown that E.L. Theriot held a mortgage on the homestead of Charles Domangue for $1,250 which mortgage was long past due, and the lot of ground sold by Charles Domangue to this son was affected by this mortgage. Theriot appeared in the act of sale and released the mortgage in so far as it affected the lot sold to Herman Domangue. The consideration for the sale was the sum of $500, for which amount Herman Domangue drew a check on the Bank of Terrebonne Trust Company, payable to the order of Charles Domangue who endorsed the check and turned it over to Theriot to apply as a credit on the mortgage.
The record shows that Herman Domangue and his wife had a joint bank account, and they were well able to purchase this lot of ground; that they actually took possession of the property, and were in perfectly good faith in purchasing it. The entire consideration was applied on a mortgage which was long past due and which primed any and all other debts that Charles Domangue owed, and there is no question but that the consideration paid represented a fair value for the property.
The boat was sold in May, 1938, just before the original suit was filed against Charles Domangue. The evidence shows that there was a mortgage on this boat for $250, and the holder of the mortgage had demanded some adjustment of the debt. Charles Domangue testified that he endeavored to sell the boat to the holder of the mortgage note before his son bought it. There is no evidence to contradict that of the father and the son to the effect that the latter assumed this mortgage on the boat; that he paid his father $100, and the remainder of the purchase price of $350 was to take care of an account of the father for groceries at the son's grocery. There is no serious question but that $700 represented the full worth of the boat. To the extent of the $350 credit on the grocery account, this was a preference given the son. However, as more than a year elapsed from the date of the contract by which the preference was given and the date of filing the suit to set aside the transfer the prescription of one year under Article 1987 of the Civil Code is a bar to the attack on this transfer.
The prescription provided for in Article 1987 of the Civil Code applies exclusively where the alleged nullity of the sale results from an undue preference given one creditor over another, and the action must be brought within the year from the date the contract giving the preference was made; but Article 1994 applies to all contracts by which a debtor seeks to defraud a creditor, and the suit to avoid such a contract must be brought within a year from the date the creditor obtains a judgment against his debtor. St. Germain and Marist v. Landry, 28 La.Ann. 652.
While the plaintiff asks in that part of the prayer of its petition enclosed in quotation marks above that the sale of such other property as may be shown on the trial of the case to have been fraudulently made by Charles Domangue to his said son be annulled and set aside, there is no evidence of the sale of any other property by him to his son other than the certified copy of an act of sale by Charles Domangue to his said son on March 16, 1938, wherein he sold to his son his undivided one-eleventh interest in a certain tract of land on the left descending bank of the Bayou Terrebonne for a recited consideration of $100. As no specific attack is made on this sale, and as there is no proof to show its fraudulent character, the legality of this sale cannot be considered in this proceeding. *Page 753 
For the reasons assigned, it is ordered that the judgment appealed from be amended so as to maintain the plea of prescription of one year in so far as the sale of the boat "Eagle" by Charles Domangue to his son operated as a preference in favor of the latter, and in all other respects the judgment is hereby affirmed at the cost of plaintiff in both courts.